THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK NUCCIO, Relator, against WARDEN OF EIGHTH DISTRICT PRISON OF CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Bronx County, November 4, 1943.

George Maislen for relator.

Frank S. Hogan, District Attorney (Louis A. Pagnucco and Alan J. Elliot of counsel), for respondent.

HAMMER, J. Relator, held as a material witness, seeks his release by way of habeas corpus. His contention is that he is detained illegally, as (1) no action or proceeding is pending in a court of this State and he cannot be held as a material witness under section 618-b of the Code of Criminal Procedure; and (2) the detention, in any event, is for more than a reasonable time. The affidavit of a police officer, sworn to September 10, 1943, shows Nuccio is a material and necessary witness in respect of the murder of Carlo Tresca in New York County, January 11, 1943, and the case is pending before the Grand Jury. A Deputy Assistant District Attorney, called in this habeas corpus proceeding by relator to show the contrary, testified that the Grand Jury proceeding is still pending. The order fixing the amount of the undertaking or bail, or in default committing the witness to the House of Detention of witnesses, was made by a Judge of the Court of General Sessions on September 10, 1943. A grand jury hearing, such jury being duly impaneled by a court of competent jurisdiction, at which witnesses are heard and evidence is presented for the purpose of returning an indictment or information against a person charged with a crime, is a proceeding within the purview of section 618-b of the Code of Criminal Procedure. Here there can be no question about the existence of a committed crime. As the name of the perpetrator is unknown, he is properly referred to by the fictional name " John Doe ". The practice of requiring material and necessary witnesses to give an undertaking, or in default to stand committed under such circumstances, has the sanction of long practice by the courts acting pursuant to section 618-b of the Code of Criminal Procedure. (People v. John Doe [Re Bernoff], 261 App. Div. 503; People v. John Doe [Re Rubenstein], 259 App. Div. 921; People v. John Doe [Re Workman], 259 App. Div. 1027.) A grand jury is a constituent

part of the court, for the performance of the duties which devolve upon it by law. (*People* v. *Naughton,* 7 Abb. Pr. N. S. 421; see, also, 38 How. Pr. 430; *Matter of Choate,* 24 Abb. New Cas. 430; *People ex rel. Choate* v. *Barrett,* 56 Hun 351, affd. 121 N. Y. 678.) Because of the seriousness of the crime, the stealth and secrecy with which the murder was committed and the resultant difficulty of ascertaining the identity of the person or persons responsible, it cannot be said that the detention for the period of time shown is unreasonable.

Writ dismissed and relator remanded.