DWIGHT VAN HORN, PLAINTIFF-APPELLANT, v. CITY OF TRENTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued January 8, 1979—Decided July 16, 1979.

530

*Mr. Russell W. Annich, Jr.* argued the cause for appellant (*Messrs. Mason, Griffin* and *Pierson,* attorneys; *Mr. Annich,* of counsel; *Mr. Benjamin N. Cittadino,* on the brief).

*Mr. Peter E. Markens* argued the cause for respondent (*Mr. George T. Dougherty,* attorney).

*Mr. James R. Zazzali* argued the cause for *amicus curiae* New Jersey State Policemen's Benevolent Association (*Messrs. Zazzali, Zazzali* and *Whipple,* attorneys).

The opinion of the court was delivered by

MOUNTAIN, J. This action was initiated by Dwight Van Horn, a Trenton police officer, to compel reimbursement following a refusal by the City of Trenton to indemnify him for expenses incurred in obtaining legal services which he deemed necessary while he was the subject of a grand jury investigation. Van Horn bases his claim on *N. J. S. A.* 40A: 14–155, which requires a municipality to provide the means of defense whenever certain legal proceedings are instituted against a member of its police force. In addition, plaintiff seeks the award of attorney's fees incurred in conjunction with his prosecution of this suit to enforce his claimed right to reimbursement.

The parties have stipulated to the following background facts:

The plaintiff, Dwight Van Horn, at all times relevant to this action, was employed as a police officer by the City of Trenton. On March 21, 1976 while returning from duty to his home in Mercerville, New Jersey, he was "cut off and pursued" by a motor vehicle in Hamilton Township. As a result of a sequence of events plaintiff fired his police revolver in self defense hitting the driver of the other car. At that time plaintiff was dressed in full uniform except for tie and cap. Subsequent to that incident, the Mercer County Prosecutor's Office instituted an investigation which culminated in Grand Jury proceedings, which Grand Jury concluded its investigation and found no basis for any criminal charges against the plaintiff. However, the plaintiff was required to retain counsel for the purpose of representing him during the investigation and incurred counsel fees and disbursements in the amount of $887.50. Plaintiff made demand upon the City of Trenton for payment of these counsel fees and disbursements and the City of Trenton refused to pay or reimburse the plaintiff.

It was further stipulated that, as a condition of employment, Officer Van Horn was required to abide by certain regulations of the Trenton Police Department. In essence, the purpose of these regulations is to impose upon Trenton police officers an obligation to remain prepared to function as such at all times, even when technically in an "off-duty" status.[1]

---

[1]Pertinent Police Department regulations, to which the parties stipulated, provide as follows:

Members of the Department shall have regular hours assigned to them for active duty each day, and when not so employed they shall be considered "Off Duty". They shall, however, be held always subject to duty, and although periodically relieved from the routine performance of duty, are always subject to orders from proper authority and to call from civilians, and the fact that they may be technically "Off Duty" shall not be held as relieving them from responsibility of taking proper police action. In carrying out the functions of the Department, members thereof shall direct and coordinate their effects in such a manner as will tend to establish and maintain the highest standard of efficiency. Members of the Department shall always be considered "On Duty" for the purpose of discipline. [Rule 36, Section 6, Rules and Regulations of the Police Division, Department of Public Safety, City of Trenton, at 98–99 (adopted December 8, 1949) (hereinafter Rules and Regulations)]

■ On cross-motions for summary judgment, the trial judge found that although Officer Van Horn was not obliged to effectuate arrest while off duty outside the city limits, Trenton Police Department regulations were such that, read together, they created a duty on the part of police officers to protect themselves if attacked. The court concluded that the city was obligated to provide the "means" necessary "for the defense" of any legal actions or proceedings precipitated by an officer's attempt to discharge this duty. Decision was rendered in favor of the plaintiff, and a judgment was entered against the City of Trenton in the amount of $887.50. This sum represented his counsel fees and other legal expenses incurred in connection with the grand jury investigation of the March 21, 1976 incident. The trial court, however, rejected the plaintiff's request for an award of counsel fees incurred in prosecuting the instant action, as plaintiff was found to be within the general rule that all litigants must bear the cost of enforcing their rights through litigation. The city appealed, and the plaintiff cross-appealed from that portion of the judgment denying counsel fees.

. At oral argument before the Appellate Division, that court raised, *sua sponte*, the issue of whether, in light of the grand jury's failure to return an indictment, Van Horn ever occupied the status of "defendant in any action or legal proceeding" within the meaning of *N. J. S. A.* 40A:14–155.

Members off duty (except on vacation, under suspension, sick or injured) shall carry shield, whistle, signal box key, billey and regulation revolver, or other such revolver as may be approved by the Commanding Officer. [Rule 44, Section 15, Rules and Regulations at 137]

Members of the Department must be ready at all times, to perform such police service as may be required of them and, in order to do so, they must continuously have their badge, or insignia of office, with them. It is also necessary for their protection, as well as to enable them to perform their duty, that they should be armed with their revolvers. Therefore, they must make themselves familiar with the handling of firearms so that, in case of necessity, proper use will be made of same. [Rule 36, Section 52, Rules and Regulations, at 108]

Following the submission of supplemental briefs on this issue, the Appellate Division concluded that Van Horn never actually did attain the required status and, therefore, was not entitled to reimbursement. The judgment of the trial court was reversed and the case was remanded for the entry of judgment in favor of the city. 159 *N. J. Super.* 115 (App. Div. 1978). We granted certification, 77 *N. J.* 509 (1978), and now reverse.

The statute with which we are here concerned provides that

> [w]henever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.
>
> [*N. J. S. A.* 40A:14-155]

It is clear from the foregoing language that the legitimacy of the plaintiff's claim turns, in the first instance, on a question of statutory construction which may be bifurcated into two component issues: whether a grand jury investigation is an "action or legal proceeding," as these terms are used in the statute; and whether the target of such an investigation qualifies as a "defendant." Resolution of both issues in the affirmative presents the further question of whether, in this case, action taken in self-defense by a uniformed, off-duty police officer "ar[ose] from or [was] incidental to the performance of his duties."

■ The term "legal proceeding" is a relatively broad generic classification which subsumes the term "action." Since the latter is usually regarded as a reference to civil litigation, the former must be construed as being a reference to other types of judicial and administrative proceedings, not

commonly regarded as "actions." To hold otherwise would make the term "legal proceeding" mere surplusage. *See Parker v. Califano,* 182 *U. S. App. D. C.* 322, 561 *F.* 2d 320, 325–29 (D. C. Cir. 1977); 2A *Sutherland, Statutes and Statutory Construction* § 47.21 (C. Sands, 4th ed. 1973). We are confirmed in our conclusion that the term should be read broadly by our examination of the legislative materials. The history of *N. J. S. A.* 40A:14–155, its predecessor provisions and amendments thereto, evidence a legislative intent to expand, rather than narrow, the class of potential proceedings to which a police officer might be exposed and for which municipal employers should bear the financial burden of defense. *See L.* 1946, *c.* 67 *amended by L.* 1947, *c.* 103, § 2 *replaced by L.* 1971, *c.* 197, § 1 *amended by L.* 1972, *c.* 165, § 3. We recognize, as have a number of other courts, that in certain circumstances, for purposes of statutory construction, a grand jury investigation is a criminal or legal proceeding. *See, e. g., Marcus v. United States,* 310 *F.* 2d 143, 147 (3d Cir. 1962); *People ex rel. Nuccio v. Eighth Dist. Prison Warden of City of N. Y.,* 182 *Misc.* 654, 655, 45 *N. Y. S.* 2d 230, 231 (Sup. Ct. 1943).

A more subtle question of statutory interpretation is posed by the term "defendant" which, when it arises in a criminal context, as it has arisen in this case, may sometimes assume a rather technical character. For example, the statutory definition of "indigent defendant," which conditions entitlement to representation by the Public Defender, is limited to those indigent persons "formally charged with the commission of an indictable offense." *N. J. S. A.* 2A:158A–2.

More recently, this Court recognized the existence of the "target doctrine" which is predicated, in part, upon a similarly technical distinction between those who have been formally charged with a crime and those who have not. Although we stated that, for purposes of determining the point at which certain constitutional rights attach, one who is called before a grand jury to testify as a witness generally "does not have the status of a defendant in a criminal trial,"

*State v. Vinegra,* 73 *N. J.* 484, 488 (1977), we noted with approval that a metamorphosis begins to occur when the attentions of a grand jury focus and a particular witness becomes identifiable as its "target." *Id.* As a "target" emerges, he acquires a right to some, but by no means all, of the procedural protections normally reserved to those already facing formal criminal charges.[2] While, in some respects, the status of a "target" approaches that of a "defendant," the two are not equivalent.

The City of Trenton contends that, in construing the term "defendant" as it appears in *N. J. S. A.* 40A:14–155, this Court should adopt the technical definition commonly employed in criminal contexts. As the foregoing discussion indicates, there would be substantial support for such an interpretation. We believe, however, that such a reading would frustrate the legislative policy which the statute was intended to advance.

Although the statements accompanying the bills which eventually produced *N. J. S. A.* 40A:14–155 indicate little more than that the provision was intended to "increase the morale of police departments," *Statement Accompanying Senate Bill No.* 26 (1946), the terms of the statute itself evidence an apparent legislative concern that police officers might be discouraged from effectively pursuing their duties if they were forced to provide their own defense against civil actions and criminal charges brought by disgruntled "victims" of law enforcement. Police officers, by the very nature of their duties, are exposed to a substantial risk that such civil or criminal actions will be initiated, regardless of their

---

[2]An individual who is identifiable as the "target" of a grand jury investigation must be advised of his privilege against self-incrimination. *State v. Vinegra, supra,* 73 *N. J.* at 488. He does not, however, have a constitutional right to the presence of counsel, *see In Groban,* 352 *U. S.* 330, 77 *S. Ct.* 510, 1 *L. Ed.* 2d 376 (1957), and he cannot prevent the consideration of illegally seized evidence, *see United States v. Calandra,* 414 *U. S.* 338, 94 *S. Ct.* 613, 38 *L. Ed.* 2d 561 (1974).

merits. *See generally Township of Edison v. Hyland,* 156 *N. J. Super.* 137 (App. Div. 1978); *Township of Edison v. Mezzacca,* 147 *N. J. Super.* 9 (App. Div. 1977). The possibility of having to incur legal expenses to answer for one's conduct as a police officer would most certainly temper one's performance of police duties. We are convinced that the Legislature, by enacting *N. J. S. A.* 40A:14–155, was obviously attempting to minimize the intrusion of this concern into the momentary decisions which police officers are continually required to make. Extending the coverage of the statute to the initial stages of proceedings which have the potential to develop into full-fledged criminal prosecutions will do much to advance this legislative purpose and, in the absence of an affirmative indication to the contrary, we must assume that the Legislature so intended.

 Our determinations that, for purposes of *N. J. S. A.* 40A:14–155, a grand jury investigation is a "legal proceeding" and its target a "defendant," require that we briefly address several matters not reached by the Appellate Division.

 It has been the city's contention throughout these proceedings that the plaintiff's act of shooting the motorist who attacked him did not "aris[e] out of" and was not "incidental to the performance of" his duties as a police officer. As was noted above, the trial judge did not agree. He found that Police Department Rules and Regulations made Officer Van Horn's off-duty use of his service revolver, for purposes of self-defense, "at the least 'incidental' to his duty" as a police officer. Officer Van Horn was in uniform at the time he was attacked, and there is nothing in the record before us to indicate that the attack was in any way motivated by a purely personal animus between Officer Van Horn and the deceased motorist. *Cf. Paige v. City of Rahway, Water Department,* 74 *N. J.* 177, 182 (1977) (absent evidence that assault was motivated purely by personal animus, municipal employee permitted worker's compensation recovery for injuries sustained in robbery while at home in "on-call" status.). We, therefore, concur in the trial court's conclusion

that Officer Van Horn's self-defensive action was incidental to his police duties.

■ We also concur in the trial judge's decision to deny the plaintiff's request for an award of attorneys' fees in the instant action. Our rule of court, *R.* 4:42–9(a) embodies the traditional " 'American rule' " that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 *U. S.* 240, 247, 95 *S. Ct.* 1612, 1616, 44 *L. Ed.* 2d 141, 147 (1975). Rule 4:42–9(a) provides that "[n]o fee for legal services shall be allowed in the taxed costs or otherwise . . . ." This rule is subject to a number of specific exceptions the narrowness of which this Court has always rigorously enforced, lest they grow to consume the general rule itself.

■ Officer Van Horn has brought this suit to enforce a legal right granted to him by statute, but neither *N. J. S. A.* 40A:14–155 nor any other relevant statute provides for the award of counsel fees to those who are forced to litigate in order to enforce their rights. Counsel fees are not a traditional element of damages in an action such as the plaintiff's, *see Gerhardt v. Continental Insurance Co.,* 48 *N. J.* 291, 301 (1966), and there has been no showing that the City's refusal to reimburse Van Horn was made in bad faith, *see Penwag Property Co. v. Landau,* 76 *N. J.* 595, 598, 600 (1978). Counsel fees were properly denied by the trial judge.

■ The judgment of the Appellate Division is hereby reversed and the judgment of the trial court is reinstated.[3]

---

[3]Neither party has addressed the question of whether the fact that Van Horn retained private counsel on his own initiative without first consulting the City of Trenton should preclude his recovery under *N. J. S. A.* 40A:14–155. Without deciding the effect of this issue on the present case, the Appellate Division stated that Van Horn "should have" consulted the city which then "might well have provided him with representation during these preliminary proceed-

*For reversal*—Chief Justice HUGHES and Justices MOUNTAIN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—6.

*For affirmance*—None.

ings at little cost to it." 159 *N. J. Super.* at 118. The court's conclusion was based on Judge Morgan's opinion in *Township of Edison v. Mezzacca*, 147 *N. J. Super.* 9 (App. Div. 1977), which held that, in circumstances such as those presented here, where the municipality has not initiated the proceedings against the officer, the municipality is bound only to provide the means of defense, and not necessarily to reimburse the officer for the cost of privately retained counsel. 147 *N. J. Super.* at 14–15.

We agree with Judge Morgan's conclusion that the municipality must be given an opportunity to determine how best to meet its statutory obligation. The reasoning and holding of *Mezzacca, supra,* are hereby expressly approved. We note, however, that the judgment in favor of the plaintiff in this case is based upon a stipulation of the parties to the effect that

Officer Van Horn was required to retain counsel for the purpose of representing him during the investigation and incurred counsel fees and disbursements in the amount of $887.50. The fact of, and need for, those services and the reasonableness of the fee is [*sic*] not in dispute.

The City of Trenton is, of course, bound by its stipulation. *State v. Atlantic City Electric Co.*, 23 *N. J.* 259, 264 (1957). In light of the relatively small amount involved in this case, in view of the stipulation, and the fact that this matter was decided by the trial court prior to the decision in *Mezzacca, supra*, the holding of that decision will not be given retroactive effect. The City of Trenton will be obligated to reimburse Officer Van Horn, notwithstanding his failure to seek counsel from the city prior to retaining his own attorney.