**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0933-18T4

ST. CYRILLUS AND
METHODIUS CZECHO SLOVAK
NATIONAL CHURCH OF PERTH
AMBOY, NJ, INC.,

     Plaintiff-Appellant,

v.

POLISH NATIONAL CATHOLIC
CHURCH, INC.,

     Defendant-Respondent.

_____

> Argued February 12, 2020 – Decided March 2, 2020
>
> Before Judges Fuentes, Haas and Mayer.
>
> On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4511-18.
>
> Mario Apuzzo argued the cause for appellant.
>
> Edwin R. Matthews argued the cause for respondent (Bourne Noll & Kenyon, attorneys; Edwin R. Matthews, on the brief).

PER CURIAM

Plaintiff St. Cyrillus and Methodius Czecho Slovak National Catholic Church of Perth Amboy, N.J., Inc. is a church parish affiliated with and subordinate to defendant Polish National Catholic Church, Inc. Since February 2016, the two entities have been debating, among other things, which of them has the right to use a rectory building for administrative and religious purposes.

In this current chapter of this long-running litigation, plaintiff appeals from the Law Division's August 2, 2018 and September 14, 2018 orders denying plaintiff's requests for statutory damages and an award of counsel fees under the unlawful entry and detainer statutes, N.J.S.A. 2A:39-1 to -8, and for similar relief pursuant to Rule 1:10-3. Having reviewed plaintiff's contentions in light of the record and applicable law, we affirm.

The parties are fully familiar with the lengthy procedural history and facts of this matter. Therefore, we need only recite the most salient facts here.

Plaintiff joined defendant's religious organization member church in 1937, and has operated under defendant's constitution and authority since that time. Plaintiff used a church located in Perth Amboy for its religious services, and the neighboring rectory for administrative functions.

In 2004, plaintiff stopped paying its required dues to defendant. Nine years later, the church burned down. Following the fire in 2013, defendant's

diocesan bishop determined that plaintiff was no longer a financially viable parish, and took control of the church, rectory, and other related real and personal property previously managed by plaintiff. In February 2016, plaintiff filed a complaint against defendant and alleged that defendant had improperly assumed control over the property. On December 5, 2017, the trial court granted defendant's motion for summary judgment after finding that all of the property, including the rectory, was "appropriately within the control of" defendant. Thus, plaintiff no longer had a possessory interest in the rectory.

Plaintiff filed a notice of appeal to this court, and that matter is currently pending.[1] On February 5, 2018, the trial court denied plaintiff's motion for a stay pending appeal. The court also denied defendant's motion to require an individual, L.D.,[2] who had been living in the rectory and working as a caretaker, to vacate the property. The court found that "the rights of [L.D.] shall be addressed in a separate ejectment proceeding." We subsequently denied plaintiff's motion for a stay pending appeal, as did the Supreme Court. Nevertheless, plaintiff continued to access the rectory because it still had a key

---

[1]  Docket No. A-2157-17.

[2]  In order to protect his privacy, we use initials to refer to this non-party.

A-0933-18T4

to the building, and it held religious services there contrary to defendant's wishes.

After the Supreme Court denied plaintiff's motion for a stay on July 3, 2018, defendant made an arrangement with L.D. that permitted him to remain in the rectory. Defendant then changed the locks on the building and, in order to comply with the trial court's February 5, 2018 order, it gave a copy of the new key to L.D. Because plaintiff had no possessory interest in the rectory, defendant did not give a key to plaintiff.

On July 30, 2018, plaintiff filed an order to show cause and complaint against defendant. It sought an order requiring defendant to remove the new locks, restore the old locks, and cease preventing it from accessing the rectory. Based upon its allegation that defendant had unlawfully entered the rectory in violation of N.J.S.A. 2A:39-1 and -2, plaintiff also sought an award of damages and counsel fees under N.J.S.A. 2A:39-8.

Because the judge who had issued the order granting possession of the building to defendant was no longer available, a different judge handled this application. The judge granted the restraints sought by plaintiff and set an August 2, 2018 return date.

A-0933-18T4

On August 2, defendant advised the judge that it could not restore the old locks because they had been discarded when the new locks were installed. Following oral argument, the judge ordered defendant to provide plaintiff with "immediate and continuous access" to the rectory from 6:00 p.m. on August 2, until 4:30 p.m. on August 7, 2018. On that date, plaintiff was to vacate the rectory. After defendant's attorney conceded that plaintiff had not sustained any monetary damages from being "locked out" of the building, the judge made no finding that defendant had violated N.J.S.A. 2A:39-1 or -2 and, citing the "American Rule," he denied plaintiff's request for attorney's fees and costs under N.J.S.A. 2A:39-8.

On August 2, plaintiff also filed a motion to enforce litigant's rights under Rule 1:10-3. Plaintiff complained that defendant did not give it a new key to the rectory and, instead, granted it access by having L.D. open the door for its members when requested. Plaintiff also asserted that on August 2, L.D. was not available to open the door at 6:00 p.m. and, as a result, it was not admitted to the building for twenty-two minutes. Plaintiff asked the court to impose "a monetary penalty" on defendant for not giving it a new key, and grant it attorney's fees and costs.

A-0933-18T4

The judge conducted oral argument on September 14, 2018, and denied plaintiff's motion. In so ruling, the judge stated:

> Plaintiff is seeking sanctions at this point. [Plaintiff] argues that they should have been given keys. There's nothing in the [c]ourt's [o]rder to indicate that it was the [c]ourt's intention to give them keys. The [c]ourt's intention was to give them access. Access was provided, it was delayed somewhat, but it was provided consistent with the [c]ourt's August 2nd [o]rder. The delay was not . . . of sufficient consequence to warrant the entering of sanctions. And again[,] they had access to the rectory. That access terminated as of August [7, 2018]. So the [c]ourt finds there is no basis to grant the plaintiff's request for sanctions or attorney[']s fees, so the [m]otion is denied at this time.

This appeal followed.

On appeal, plaintiff again argues that the judge should have granted it counsel fees and costs pursuant to N.J.S.A. 2A:39-8 or Rule 1:10-3. We disagree.

The principles guiding our review are well-settled. "New Jersey strictly adheres to the 'American rule' in regards to attorney's fees[,]" under which each party bears its own legal fees and costs. First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 425 (App. Div. 2007) (citing Van Horn v. City of Trenton, 80 N.J. 528, 538 (1979)). "Consistent with this policy, attorney's fees are not recoverable absent express authorization by statute, court rule or contract." Ibid.

(citing State of New Jersey, Dep't of Envtl. Prot. v. Ventron Corp., 94 N.J. 473, 505 (1983)). In addition, "a court has inherent power to require a party to reimburse another litigant for its litigation expenses, including counsel fees." Oliviero v. Porter Hayden Co., 241 N.J. Super. 381, 387 (App. Div. 1990) (citing Vargas v. A.H. Bull Steamship Co., 25 N.J. 293, 296 (1957)). Attorney "fee determinations by trial courts will be disturbed only on the rarest of occasions, and then only because of a clear abuse of discretion." Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Plaintiff first contends that it had a statutory right to counsel fees under N.J.S.A. 2A:39-1 and -2. However, this argument lacks merit. These statutes prohibit forcible entry into real property, "except where entry is given by law," unless the entry is made "pursuant to legal process." N.J.S.A. 2A:39-1. A prevailing plaintiff in any action instituted under N.J.S.A. 2A:39-1 and -2 "shall recover all damages proximately caused by the unlawful entry and detainer including court costs and reasonable attorney's fees." N.J.S.A. 2A:39-8.

However, as we explained over twenty years ago in Levin v. Lynn, 310 N.J. Super. 177, 183 (App. Div. 1998), these two statutes were amended in 1971

> to add . . . references . . . to N.J.S.A. 2A:18-53 et seq. and N.J.S.A. 2A:39-2 et seq., [which] are . . . the

7

statutory provisions concerning, respectively, summary dispossess proceedings instituted in the Special Civil Part, and Superior Court actions to establish either title or the right to possession of real property, and the intent of those amendments is clearly to prohibit a landlord or anyone else from taking possession of residential premises without following judicial procedures.

[(emphasis added)].

Here, plaintiff no longer had any possessory interest in the property at all as the result of the trial court's December 5, 2017 order granting possession of the rectory and other property to defendant. While plaintiff attempted to obtain a stay of this order pending appeal, its motions for same were denied by the trial court, this court, and the Supreme Court. Because plaintiff did not have any right to access the property for any purpose, defendant did not violate the unlawful detainer and detainer statutes by changing the locks. Just as importantly, plaintiff did not use the property as its "residence" and therefore, the unlawful entry and statutes were simply inapplicable to it. Levin, 310 N.J. Super. at 183.[3]

---

[3] As the first judge implicitly recognized in his February 5, 2018 order preventing defendant from ejecting L.D. from the rectory, these statutes might have applied to L.D., who lived in the building. As stated above, however, defendant and L.D. reached an agreement that permitted L.D. to remain in the rectory and, therefore, the issue of his removal was moot at that time.

A-0933-18T4

In sum, plaintiff had no statutory right to counsel fees and costs under N.J.S.A. 2A:39-8. Therefore, we reject plaintiff's contention on this point.

Plaintiff's claim for attorney's fees under Rule 1:10-3 is equally meritless. In pertinent part, Rule 1:10-3 provides:

> Notwithstanding that an act or omission may also constitute a contempt of court, a litigant in any action may seek relief by application in the action. A judge shall not be disqualified because he or she signed the order sought to be enforced. . . . The court in its discretion may make an allowance for counsel fees to be paid by any party to the action accorded relief under this rule.

"[A] proceeding to enforce litigants' rights under Rule 1:10-3 'is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant[.]'" Pasqua v. Council, 186 N.J. 127, 140 (2006) (quoting Essex Cty. Welfare Bd. v. Perkins, 133 N.J. Super. 189, 195 (App. Div. 1975)). Thus, an application for relief under Rule 1:10-3 is distinguishable from "[a] criminal contempt proceeding under Rule 1:10-2[,]" which "is 'essentially criminal' in nature and is instituted for the purpose of punishing a defendant who fails to comply with a court order." Ibid. (quoting Essex Cty. Welfare Bd., 133 N.J. Super. at 195). Accordingly, "[r]elief under [Rule] 1:10-3, whether it be the imposition of incarceration or a sanction, is not for the purpose of punishment, but as a coercive measure to facilitate the

9

enforcement of the court order." Ridley v. Dennison, 298 N.J. Super. 373, 381 (App. Div. 1997).

We review a trial court's imposition of sanctions against a litigant pursuant to Rule 1:10-3 under the abuse of discretion standard. Barr v. Barr, 418 N.J. Super. 18, 46 (App. Div. 2011). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). The decision to award attorney's fees and costs associated with an enforcement motion also "rests within the sound discretion of the trial court." Wear v. Selective Ins. Co., 455 N.J. Super. 440, 459 (App. Div. 2018) (quoting Maudsley v. State, 357 N.J. Super. 560, 590 (App. Div. 2003)).

Applying these principles, we perceive no basis for second-guessing the judge's determination that defendant complied with the court's prior rulings. Contrary to plaintiff's contention, the orders did not require defendant to give plaintiff a key to the rectory. Instead, defendant was to provide access to the building, which it did by engaging L.D. to admit plaintiff's members as needed. As the judge correctly found, the twenty-two minute delay in admitting the members on August 2, 2018 was clearly of no consequence. Accordingly, the

A-0933-18T4

judge properly denied plaintiff's enforcement motion.  Therefore, plaintiff was plainly not entitled to recover counsel fees and costs in connection with its unsuccessful application under <u>Rule</u> 1:10-3.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0933-18T4