■ WESTCHESTER ASPHALT DISTRIBUTING CORP., Appellant, v. YONKERS CONTRACTING CO., INC., et al., Respondents.— In an action against the principal contractor and its surety on a bond, executed pursuant to section 137 of the State Finance Law, to recover a sum due for labor performed and materials furnished by appellant under a contract with a subcontractor on a public improvement contract, the appeal is from an order of the City Court of White Plains dismissing the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action (Rules Civ. Prac., rule 106, subd. 4). Order affirmed, with $10 costs and disbursements. The complaint alleges that appellant instituted no action to foreclose its lien, that there was no money due or owing by respondent contractor to the subcontractor with whom appellant had its contract, and that by reason of the foregoing appellant's lien was not enforcible under the Lien Law and an action to foreclose the same was, and would have been, futile. The filing of a lien and the enforcement thereof, or an attempt to enforce it by the commencement of an appropriate action, are conditions imposed on any action pursuant to section 137 of the State Finance Law. "It is worth noting that, in 1946, the Law Revision Commission recommended that the provision of section 137 which required 'the beneficiary, before proceeding under the bond, to file and enforce his

mechanic's lien,' be eliminated from the statute, but the bill designed to carry out this recommendation was defeated in the Legislature (1946 Report of N. Y. Law Revision Commission, pp. 88–89; 896–898)" (*Triple Cities Constr. Co.* v. *Dan-Bar Contr. Co.*, 285 App. Div. 299, 305, affd., 309 N. Y. 665; see *Chittenden Lbr. Co.* v. *Silberblatt & Lasker*, 288 N. Y. 396). The fact that the foreclosure of the lien would have been a fruitless and futile proceeding is of no avail to appellant (see, e.g., *Craig* v. *Parkis*, 40 N. Y. 181). A person seeking to maintain an action under a statute must show that all the conditions upon which the cause of action depends, as stated in the statute, are alleged in the pleading (*Baldwin* v. *Hegeman Farms Corp.*, 154 Misc. 285; *Rosenstock* v. *City of New York*, 97 App. Div. 337, affd. on opinion below 181 N. Y. 550). Wenzel, Acting P. J., Ughetta and Hallinan, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to reverse the order and to deny the motion with the following memorandum: Upon a motion to dismiss a complaint for legal insufficiency, the court accepts as true the material allegations of fact contained in the complaint and any reasonable inference that may be drawn therefrom. (*Garvin* v. *Garvin*, 306 N. Y. 118; *Nevins, Inc.*, v. *Kasmach*, 279 N. Y. 323; *Lamb* v. *Cheney & Son*, 227 N. Y. 418.) While section 137 of the State Finance Law requires the filing and enforcing of the lien before one may proceed on a bond, it does not require the performance of a futile act. (*Stokes* v. *Mackay*, 147 N. Y. 223; *Strasbourger* v. *Leerburger*, 233 N. Y. 55; *Didier* v. *Macfadden Pubs.*, 299 N. Y. 49.) The allegations in the complaint as to the futility of a proceeding to foreclose the lien because there is no money due to the subcontractor must be accepted as true for the purposes of this motion. We deem it sufficient excuse for the nonperformance of the condition precedent required by the section. The above reasoning is equally applicable to the second cause of action involving estoppel. [See *post*, p. 836.]