124 N.J. Super. 217 (1973)
305 A.2d 814
BOROUGH OF HIGHLANDS, PLAINTIFF,
v.
JAMES T. DAVIS, DEFENDANT, AND RICHARD GILL, LUKE PENTA AND ROBERT WATERS, INDIVIDUALLY AND AS COUNCILMEN OF THE BOROUGH OF HIGHLANDS, DEFENDANTS-INTERVENORS.
Superior Court of New Jersey, Law Division.
Argued May 23, 1973.
Decided May 24, 1973.
*220 Mr. Edward C. Stokes argued the cause for plaintiff (Messrs. Stokes, Throckmorton & Cieri, Attorneys).
Mr. Henry J. Saling argued the cause for defendant, James T. Davis (Messrs. Saling, Moore, O'Mara & Coogan, Attorneys).
Mr. William G. Bassler argued the cause for defendants-intervenors (Labrecque, Parsons & Bassler, Attorneys).
LANE, J.S.C.
The complaint, filed on behalf of the Mayor of Highlands, seeks a declaratory judgment whether the Mayor or the majority of the governing body of the Borough of Highlands has the authority to make appointments and promotions in the Police Department. At a meeting of the Borough Council held November 9, 1972 defendant Davis was appointed by vote of the Council sergeant effective immediately but with the salary to start January 1, 1973. Defendants-intervenors voted in favor of the motion with the Mayor and one Councilman in opposition. By reason of a direct order from the Mayor, Davis has not assumed the duties of sergeant. He counterclaims to recover the differential between his salary as patrolman and the salary of sergeant from January 1, 1973 and counsel fees incurred in the defense of this action. The matter is before the court on final hearing.
Highlands adopted SMALL MUNICIPALITY PLAN B (N.J.S.A. 40:69A-133 to 138) effective July 1, 1956. It has not adopted the provisions of Title 11 (Civil Service).
Ordinance #200 adopted April 8, 1940 established a police department. That ordinance in pertinent part provided:
1. The Police Department of the Borough of Highlands shall consist of two senior Officers and one junior officer, and such other employees as the Council may from time to time appoint.
*221 Ordinance #0-68-5 adopted April 16, 1968 amended Section 1 of Ordinance #200 to provide:
(1) The Police Department of the Borough of Highlands shall consist of a chief of Police, a Captain of Police, one or more Sergents [sic] of Police and as many police officers as the council may from time to time appoint.
N.J.S.A. 40:69A-133 makes applicable to those municipalities adopting SMALL MUNICIPALITY PLAN B the provisions of N.J.S.A. 40:69A-120 to N.J.S.A. 40:69A-132, as well as certain other provisions of the Faulkner Act including N.J.S.A. 40:69A-28. The Mayor contends that under N.J.S.A. 40:69A-122 he has the appointment power to and within the police department with the advice and consent of the Council. N.J.S.A. 40:69A-122 provides:
An assessor, a tax collector, an attorney, a clerk, a treasurer and such other officers as may be provided by ordinance shall be appointed by the mayor with the advice and consent of the council. One person may be appointed to two or more such offices, except that one person shall not be the assessor and treasurer, or assessor and collector.
In the alternative the Mayor contends that he has the sole power of appointment by virtue of N.J.S.A. 40:69A-124 which provides:
All officers and employees whose appointment or election is not otherwise provided for in this article or by general law shall be appointed by the mayor. If the municipality has not adopted the provisions of Title 11 of the Revised Statutes (Civil Service), it shall be the duty of the mayor to recruit, select and appoint persons qualified by training and experience for their respective offices, positions and employments.
Defendant and defendants-intervenors argue, however, that the appointment of police officers is provided for by general law and, therefore, the appointment power does not lie with the Mayor.
*222 Policemen are municipal officers for certain purposes. Mercadante v. City of Paterson, 111 N.J. Super. 35, 38 (Ch. Div. 1970), aff'd o.b. 58 N.J. 112 (1971) and cases cited therein. The question remains whether they are officers within the meaning of N.J.S.A. 40:69A-122. The Mayor argues that since a policeman is a municipal officer whose appointment in Highlands is governed by ordinance, N.J.S.A. 40:69A-122 should control. It is further argued that Ordinance #0-68-5 is invalid insofar as it provides for appointment by the Council because such provision is contrary to N.J.S.A. 40:69A-122.
The court's duty in construing a statute is to determine the legislature's intention. Safeway Trails, Inc. v. Furman, 41 N.J. 467, 477 (1964), appeal dismissed, cert. den. 379 U.S. 14, 85 S.Ct. 144, 13 L.Ed.2d 84 (1964). In the absence of ambiguity calling for permissible extrinsic aids, that intent is to be found in the document itself. Gangemi v. Berry, 25 N.J. 1, 10 (1957). Rules of statutory construction are always to be subordinated to the ultimate goal of carrying out the wishes of the legislature. Union Co. Bd. of Freeholders v. Union Co. Park Com., 41 N.J. 333, 337 (1964).
In the construction of statutes, when general words follow specifically named things of a particular class, the general words must be understood as limited to things of the same class or at least of the same general character. Transcontinental Gas Pipe Line Corp. v. Dept. of Conserv., etc., 43 N.J. 135, 146 (1964). This rule will be applied whenever a restricted meaning must be given to general words to carry out the legislative intention. DeFazio v. Haven Savings and Loan Ass'n., 22 N.J. 511, 518 (1956). However, the rule may only be resorted to when the statutory language is of doubtful meaning and not when the legislative design is expressed in plain terms. Downey v. Bd. of Education of Jersey City, 74 N.J. Super. 548, 553 (App. Div. 1962). The meaning of statutory words may also be *223 controlled and indicated by those words with which they are associated. Germann v. Matriss, 55 N.J. 193, 220 (1970); Martell v. Lane, 22 N.J. 110, 117 (1956).
N.J.S.A. 40:69A-122 and 124 read together present an ambiguity as to the scope of Section 122 and, therefore, rules of statutory interpretation to eliminate the ambiguities are applicable. The phrase "such other officers" in N.J.S.A. 40:69A-122 is limited not by the subsequent phrase "as may be provided by ordinance" but rather by the preceding list of offices to which the statute is to apply. Policemen are not within the same category of public officers as an assessor, tax collector, attorney, clerk or treasurer. If the legislature had intended that policemen should be included among "such other officers," it would not also have provided that "[o]ne person may be appointed to two or more such offices," since it is unlikely that the legislature would have intended to permit a full-time patrolman to be an administrative officer of the borough. N.J.S.A. 40:69A-122's application is limited to the appointment of administrative officers of the town and is not intended to cover such other municipal officers as full-time policemen.
The Mayor does not have authority to appoint police officers under N.J.S.A. 40:69A-122. This conclusion is further supported by a consideration of the total legislative scheme of which N.J.S.A. 40:69A-122 is a part.
The appointing authority must be derived from N.J.S.A. 40:69A-124, unless it is provided for by general law. N.J.S.A. 40:69A-28 defines that term:
For the purposes of this act, a "general law" shall be deemed to be any law or provision of law, not inconsistent with this act, heretofore or hereafter enacted which is by its terms applicable or available to all municipalities, and the following additional laws whether or not such additional laws are so applicable or available to all municipalities; legislation relating to taxation, local courts, education, health, public authorities serving more than one municipality, and municipalities in unsound financial condition.
*224 The general law concerning establishment of police departments is N.J.S.A. 40A:14-118, which provides:
The governing body of any municipality, by ordinance, may create and establish a police department and force and provide for the maintenance, regulation and control thereof, and except as otherwise provided by law, appoint such members, officers and personnel as shall be deemed necessary, determine their terms of office, fix their compensation and prescribe their powers, functions and duties and adopt and promulgate rules and regulations for the government of the department and force and for the discipline of its members.
The predecessor of N.J.S.A. 40A:14-118 is N.J.S.A. 40:47-1 which was adopted before the Faulkner Act. In 1949 the Commission on Municipal Government published its preliminary report on the proposed Faulkner Act. Its comment on what are now N.J.S.A. 40:69A-26, 27 and 28 reads:
This definition of general law would apply to the optional plans such standard laws as the "Local Bond Law" (R.S. 40:1-1 et seq.); the "Local Budget Law" (R.S. 40:2-1 et seq.); fire and police (R.S. 40:47-1 et seq.); ordinances and resolutions (R.S. 40:49-1 et seq.); planning, building laws, zoning (R.S. 40:55-1 et seq.). Further study may require an expansion of the "additional laws" category. The problem of classification is one which is basic to any new system of municipal government, but it is unlikely to be solved by any generalization. The Commission has experimented with various "standard classifications" intended to replace the present hodge-podge of classifications, but has not yet determined upon any suitable basis which would be germane to all of the various purposes of legislation. With the large degree of local self-government provided by the powers clause of this chapter, however, the Commission believes that the need for legislative classification has been substantially reduced if not entirely eliminated.
The comment on these sections in the Commission's final report published in 1950 is virtually identical.
In view of the history of the Faulkner Act and its relationship with "general law" governing the municipalities, it is apparent that N.J.S.A. 40A:14-118 is complementary to, rather than in conflict with, the Faulkner Act, completing an overall legislative design in which appointments *225 to administrative offices established by ordinance are governed by N.J.S.A. 40:69A-122, all other offices which the Mayor finds necessary to the proper administration of the town but which are not covered by other general law are governed by N.J.S.A. 40:69A-124, and the appointment of members of the police force is specifically governed by ordinance adopted under N.J.S.A. 40A:14-118.
The Mayor argues that even if this view is accepted, the borough ordinance does not provide for promotions and therefore promotions are subject to the Mayor's powers under N.J.S.A. 40:69A-124 to make personnel decisions in the absence of an ordinance. This position must fail. Grammatically read, the ordinance clearly provides that the Council will appoint not only police officers but also the chief of police, the captain of the police and one or more sergeants of the police.
The appointment of Davis as sergeant with his salary to commence January 1, 1973 was valid. Since that date he has at all times been ready to perform the duties of such office. He is entitled to the differential in salary between what he has been paid as a police officer and what he would have been paid as a sergeant from that date. If the parties are unable to agree, application may be made to the court by motion to fix the amount.
Davis also seeks to recover pursuant to N.J.S.A. 40A:14-155 from Highlands counsel fees incurred for his representation in this action. An interpretation of the scope of N.J.S.A. 40A:14-155 is required. That statute was derived from N.J.S.A. 40:11-19 which provided:
Where a member of any police or fire department is made a defendant in any suit or other legal proceeding arising out of the performance of police or fire duty or out of any incident arising in the line of such duty, the officer, board or body in control of such police or fire department shall provide all necessary legal aid necessary for the defense of such suit or other legal proceeding; provided, this shall not apply to any disciplinary or criminal proceeding instituted against such policeman or fireman by the municipality in which he is employed. *226 The title of the act containing this provision reads: "An Act providing for legal aid to police officers and firemen in suits or other legal proceedings against them arising from incidents in the line of duty." L. 1946, c. 67, p. 255, as amended L. 1947, c. 103, p. 518, § 1.
In 1971 the provision was replaced by N.J.S.A. 40A:14-155, which then read:
Whenever a member or officer of a municipal police department or force is sued for damages arising from or incidental to a performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such suit, but not for his defense in a disciplinary or criminal proceeding instituted against him by the municipality.
This provision was amended in 1972 to read (L. 1972, c. 165):
Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.
Where a clarification of the legislative purpose is necessary, statements attached to bills before passage are relevant evidence as to the legislative intent. Howard Savings Inst. v. Kielb, 38 N.J. 186, 195 (1962); Morris & Essex Invest. Co. v. Director of Div. of Taxation, 33 N.J. 24, 33-34 (1960).
The statement attached to the bill introducing this amendment reads:
This bill would: a. restore to police and firemen the right to reimbursement for expenses of their defense of criminal charges *227 brought againt them for acts performed in the performance of duty as was provided by N.J.S.A. 40:11-19, repealed by P.L. 1971, c. 197 effective July 1, 1971, and b. provide for reimbursement for police and firemen cleared of disciplinary charges or criminal proceedings brought by or on complaint of the employing municipality or county.
It is clear that the intent of the legislature in adopting L. 1972, c. 165 was to protect a police officer when his conduct in office was brought into question. There was no intent to make provision for representation in an action brought to test a police officer's appointment or promotion. To read the statute to require Highlands to pay the cost of Davis' representation in this action would be to extend unwarrantedly the legislative grant of protection.
Judgment will be submitted embodying the views set forth.