147 N.J. Super. 9 (1977)
370 A.2d 511
THE TOWNSHIP OF EDISON, IN THE COUNTY OF MIDDLE-SEX, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY L. MEZZACCA, DOMINICK SEMENZA, PETER WHITE, BRUCE DANCSECS, GLENN H. HANSEN, ARTHUR JENSEN, FRED GALATI, DONALD MERKER AND JOHN CANAVERA, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1976.
Decided January 31, 1977.
*11 Before Judges BISCHOFF, MORGAN and E. GAULKIN.
Mr. Anthony L. Mezzacca argued the cause for appellants.
No brief filed on behalf of respondent.
The opinion of the court was delivered by MORGAN, J.A.D.
This appeal requires us to determine the scope of a municipality's obligation, imposed by N.J.S.A. 40A:14-155, to provide officers of its police force "with necessary means for the defense" of "any action or legal proceedings arising out of or incidental to the performance of" their duties.
*12 The issue arose when one Frank Stankiewicz commenced action in the United States District Court alleging that eight patrolmen of the Township of Edison (township) deprived him of his civil rights by unlawfully arresting, detaining and assaulting him. The township was also made a party defendant on allegations that it was responsible under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq., for the acts of these officers and for its negligent failure to properly select, train and supervise them.
Subsequent to the filing of the federal suit defendant officers retained Anthony L. Mezzacca to represent them in connection therewith. Mezzacca sent a letter to the township advising it that he had been retained by the eight officers, and requesting a retainer of $8,000, $1,000 for each officer. Following the receipt of this letter the township sought a declaratory judgment with respect to its officers' right to choose their own counsel at the township's expense. More specifically, the township demanded judgment declaring that the obligation imposed by N.J.S.A. 40A:14-155 is satisfied by providing the services of its attorney in defense of the police officers or, when his services would be inappropriate, by the township's retaining outside counsel by agreement with the municipality as to the services to be provided and the cost thereof.
The trial judge determined, in substance, that the township's contentions were correct. Defendants' insistence that N.J.S.A. 40A:14-155 gave them the right to counsel of their own choosing at municipal expense was deemed to be without merit. Under the given circumstances, however, representation of defendants by the township attorney was held inappropriate because of a potential for a conflict of interest on his part. Instead, the township was ordered to designate outside counsel to represent defendants in the federal court suit, and such selected counsel would be solely obligated to the defendants and not subject to the township's control. The trial judge adjudged that the retention of Anthony Mezzacca by the eight police officers without the consent *13 of the township could not be at public expenses, although defendants were free to retain him at their own expense. Defendants appeal.
N.J.S.A. 40A:14-155 provides:
Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.
No statutory language, legislative history or reported opinion explains what shall be deemed compliance with the key words "shall provide said member or officer with necessary means for the defense of such action or proceeding."
Cognate enactments dealing with governmental obligations to provide for the defense of their employees define the obligation in varying terms and give little help in solving the problem before us. Municipal firemen, sued in connection with their employment, are entitled to "counsel and costs incidental to such representation for the defense of such action or proceeding." N.J.S.A. 40A:14-28. Teachers are entitled, under N.J.S.A. 18A:16-6, to have the "costs" of defending any civil action brought against them arising out of or in the course of the performance of their duties, "together with costs of appeal," defrayed by the board of education; in connection with this obligation, boards of education are expressly empowered to maintain insurance to cover these costs. With respect to a favorably terminated criminal action instituted against a teacher, "the board of education shall reimburse him for the cost of defending such proceeding, including reasonable counsel fees and expenses of *14 the original hearing or trial and all appeals." N.J.S.A. 18A:16-6.1.[1]
When a statute speaks in term of reimbursement, it focuses on costs already incurred and contemplates governmental liability for expenditures, reasonable in amount, for services rendered by counsel of the employee's own choice. In the enactment here under consideration, but in a portion not involved in this appeal, it is provided that a public officer against whom disciplinary or criminal proceedings are instituted by the municipality "shall be reimbursed for the expense of his defense" if he prevails. Obviously, this would include the reasonable fees of counsel selected by the officer, for the municipality could have no say in the choice of counsel to defend against charges made by it.
However, in dealing with the defense of actions other than those initiated by the municipality, the statute does not speak of reimbursement; it requires the municipality "[to] provide said * * * officer with necessary means for the defense * * *." We conclude that this means that the municipality must provide competent counsel, its own or outside counsel, or it may approve counsel requested by the officer, but the employee does not have the absolute right to counsel of his own choosing at municipal expense. Were this not so, there would have been no need to distinguish between the right to reimbursement provided for in the last sentence of N.J.S.A. 40A:14-155 and the portion relevant to the present appeal; both obligations could easily have been couched in terms of reimbursement. Instead, the Legislature provided for reimbursement only where the municipality's obligation was conditional on the outcome and arose after the fact; no right of reimbursement was provided for where, as here, the obligation to provide for the defense *15 arose at the inception of the proceeding against the officer and was independent of the outcome of the proceeding.
We, therefore, conclude that the municipality's obligation under N.J.S.A. 40A:14-155 does not require it to pay counsel chosen by a police officer without the prior agreement of the municipality to do so. The municipality's obligation under this enactment can be met in several ways, as long as the means chosen fulfills the statutory purpose of providing officers with a defense at municipal expense. It can proffer the services of the municipal attorney when that attorney can function in that capacity free from potential conflicts of interest. When he cannot, or in any event, the municipality can proffer the services of an outside attorney who, when selected, would owe exclusive allegiance to the officer free from municipal control. Or, it can come to an agreement with counsel of the officer's choosing as to services to be rendered and the costs thereof. In any of these methods of complying with the statutory mandate, the officer will be provided with an attorney, admitted in this State, of reasonable competence, at municipal expense and the statutory goal will have been achieved.
We, therefore, agree with the trial judge that the municipality's obligation under N.J.S.A. 40A:14-155 cannot be defined simply as an obligation to pay reasonable fees to an attorney chosen by the police officer. Such a definition would be at once too simple and too difficult. The term "reasonable fee" does not admit of specificity; it generally refers to a range, sometimes broad, within which a fee will be regarded as reasonable. It varies from attorney to attorney and with his experience and standing at the bar. In re Quinn, 25 N.J. 284, 289 (1957). Although obligated to provide for an officer's defense, the municipality should have some control over costs, and at least be in a position to know in advance what those costs will be. See State v. Horton, 34 N.J. 518, 534 (1961). It cannot do this if required to accept the officer's choice of attorney at his or a court's assessment of a reasonable fee for his services.
*16 We see nothing unusual or untoward in requiring a police officer to accept representation by competent counsel not chosen by him. Criminal matters are routinely handled in New Jersey and elsewhere by assignment of counsel to an accused or by assignment of a public defender to handle the defense. State v. Rush, 46 N.J. 399, 405-06 (1966). Civil litigation is frequently defended by attorneys retained by insurance companies. In both civil and criminal matters selected counsel owes sole allegiance to his client although paid by another, and (except where a conflict of interest appears and there the issue is dealt with separately, see Burd v. Sussex Mutual Ins. Co., 56 N.J. 383, 391-94 (1970)), this arrangement has worked reasonably well.
Of course, nothing said herein should be construed to preclude an officer from selecting his own attorney either to assume sole control of the defense or to cooperate with the attorney selected by the municipality; in either case, however, the officer's selection of counsel, without municipal concurrence, carries with it his own personal obligation to pay his fees.
Applying these principles to this case, we conclude that defendant officers have no right to be represented by Mezzacca at the township's expense without the express agreement of the township. They are free to retain Mezzacca in lieu of the attorney selected by the township, but at their expense. They can retain Mezzacca to work with the township attorney or the attorney selected by him, but again they will have to pay him.
Notwithstanding this ruling, defendant officers do have a right to object to the appointment of an attorney perceived by them to be in a position of a conflict of interest. During the course of the trial court hearing it was suggested that the township's attorney may be thus disqualified because of the possibility of a later disciplinary proceeding by the township in the event of an unfavorable termination of the federal litigation. Defendant officers may thus be warranted in questioning the ability of the township's *17 attorney to accord them full loyalty in connection with their defense. The trial judge took that view and we have no quarrel with it. Accordingly, the trial judge held that the township's obligation in this case would not be fulfilled by appointment of its attorney to represent the defendants. Instead, it ordered the township to retain outside counsel who would, when selected, owe sole allegiance to the officers. We concur in that ruling.
The other issues resolved by the trial judge have not been questioned on this appeal and we therefore do not comment thereon.
Affirmed.
NOTES
[1] The predecessor to N.J.S.A. 40A:14-155 required a municipality to "provide all necessary legal aid necessary for the defense of such suit or other legal proceeding." N.J.S.A. 40:11-19.