[The remaining contentions of Fruehauf are rejected.]

The judgment in favor of plaintiff against Fruehauf for $28,500 is vacated and judgment is entered in favor of plaintiff against Fruehauf in the amount of $7,556. The judgment in all other respects is affirmed.

CRITCHLEY AND ROCHE AND THOMAS WATERS, PLAINTIFFS-RESPONDENTS, v. CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

CRITCHLEY AND ROCHE AND JOSEPH ORGA, PLAINTIFFS-RESPONDENTS, v. CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

A.J. FUSCO, JR., ESQ., AND HARRY ROMEO, PLAINTIFFS-RESPONDENTS, v. CITY OF NEWARK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued September 17, 1985—Decided November 27, 1985.

Before Judges MICHELS, DEIGHAN and STERN.

*John C. Pidgeon,* First Assistant Corporation Counsel, argued the cause for appellant City of Newark (*Rosalind Lubet-*

*sky Bressler,* Corporation Counsel, attorney; *John C. Pidgeon,* of counsel and on the brief).

*Michael Critchley* argued the cause for respondent Critchley & Roche, Thomas Waters and Joseph Orga (*Critchley & Roche,* attorneys; *Michael Critchley,* of counsel and on the joint brief).

*Nicholas J. Palma* argued the cause for respondents A.J. Fusco, Jr., Esq. and Harry Romeo (*Nicholas J. Palma,* of counsel and on the joint brief).

The opinion of the Court was delivered by

MICHELS, P.J.A.D.

In these consolidated cases, defendant City of Newark (Newark) appeals from judgments of the Law Division, Special Civil Part, that (1) declared invalid a resolution passed by the Newark Municipal Council establishing an attorney's fee schedule which was intended to meet its responsibility to police officers under *N.J.S.A.:* 401A:14–155; (2) awarded plaintiffs Critchley and Roche (Critchley) and Thomas Waters (Waters) attorney's fees in the sum of $787.50; (3) awarded Critchley and plaintiff Joseph Orga (Orga) attorney's fees in the sum of $1125; and (4) awarded plaintiffs A.J. Fusco (Fusco) and Harry Romeo (Romeo) attorney's fees in the sum of $1125. These fees were awarded to Critchley and Fusco for their representation of police officers, Waters, Orga and Romeo, in connection with quasi-criminal charges which had arisen out of acts committed while the officers were performing their official duties. Each officer had been charged with assault, in a separate complaint, and each was subsequently acquitted after trial in Newark Municipal Court.

The facts giving rise to this appeal are not in dispute and were stipulated before the trial court. Moreover, the parties agreed to be bound by the stipulation as it related to Waters and, therefore, the facts as they relate to Waters alone are discussed herein. Briefly, in 1977, prior to the commencement of these actions, the Newark Municipal Council adopted Resolu-

tion 7RW, citing the obligation imposed upon it by *N.J.S.A.* 40A:14–155. This resolution provided a schedule of fees to be paid to private attorneys who are retained to fulfill Newark's obligations under the statute. Resolution 7RW, although subsequently amended, at all times here pertinent, provided:

> 2. That the fee schedule ... is as follows:
>
> (a) $15.00 per hour for first 35 hours for interviews with client, witnesses, prosecutor, judge, probation, research consultation and other out of court work.
>
> (b) $10.00 per hour for any work set forth in paragraph (a) over 35 hours.
>
> (c) $135.00 per day for court appearances for trials, sentencing, motions, arguments or any other form of court appearances. These services will be reimbursed at the rate of $22.50 per hour for those performed during the part of any day.
>
> (d) There will be no compensation for waiting time in court.
>
> 3. That no private attorney will be paid pursuant to this resolution unless the Corporation Counsel has authorized his services in writing prior to the performance of those services and said private attorney has agreed in writing to work for the fee schedule drafted by the Corporation Counsel and made a part of this resolution.

Newark provided copies of this resolution to all its police officers, including the three plaintiff police officers, at roll call training, during a one week period which began on or about September 30, 1977.

After a complaint was filed against him, Waters applied for legal representation through his chain of command. The Assistant Corporation Counsel determined that Waters was "entitled to representation pursuant to *N.J.S.A.* 40A:14–155." In an April 13, 1981 letter, sent in response to Water's request for legal counsel, the Assistant Corporation Counsel also noted:

> However, before I can authorize said representation, I must have a written agreement from the attorney of Officer Waters' choice stating that he/she is willing to bill for service in accordance with the City's fee schedule. A copy of which is attached hereto.
>
> If Officer Waters cannot obtain an attorney who is willing to bill in accordance with the City's fee schedule, he should notify me immediately and I will assign to him a competent attorney who has agreed in advance to so bill.

By letter dated May 1, 1981, Critchley notified the Newark Law Department that Waters had requested that his firm provide representation and that the firm was willing to represent Waters at a rate of $75.00 per hour. On May 8, 1981, the

Assistant Corporation Counsel notified Critchley, by letter, that Newark had no objection to his firm's representation of Waters, but that it objected to the rate of $75.00 per hour. This letter further indicated:

> Your proposed rate is not in accordance with the City's fee schedule and if you feel that you can not work for the rates of the City's fee schedule, I would suggest that you notify me immediately and I will assign to Officer Waters an attorney who has agreed in advance to bill in accordance to the City's fee schedules.
>
> Unless I hear from you to the contrary, I will assume that you are willing to bill in accordance with the rates set forth in the City's fee schedule.

Critchley and Fusco stipulated that, at the time of their representation of the officers, they were aware of Newark's fee schedule.

Waters was subsequently acquitted of the charges, after a municipal court trial. By letter dated May 20, 1981, Critchley forwarded Newark a bill for $787.50, which represented 10½ hours of work at $75.00 per hour. The Assistant Corporation Counsel informed Critchley, by letter dated May 28, 1981, that the bill would not be approved since it was not in accordance with the fee schedule. The letter further advised that, if the bill was submitted in accordance with Newark's fee schedule it would be approved. Critchley, however, refused to modify his bill and instituted suit against the City for full payment. Critchley and Fusco similarly sued Newark also to recover fees for legal services which they had rendered in defense of the charges against Orga and Romeo, respectively.

The trial court held that Newark Resolution 7RW was invalid because it provided absolutely no flexibility in its fee schedule. In addition, the trial court found the resolution to be arbitrary, unreasonable and totally unrealistic in establishing fees which were to be paid to competent and experienced criminal attorneys. Defendant appeals, contending that the trial court erred as a matter of law because, contrary to its findings, Resolution 7RW did satisfy Newark's obligation under *N.J.S.A.* 40A:14–155. We agree and reverse.

*N.J.S.A.* 40A:14–155 provides as follows:

> Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.

In *Township of Edison v. Mezzacca*, 147 *N.J.Super.* 9 (App. Div.1977), which opinion our Supreme Court expressly approved in *Van Horn v. City of Trenton*, 80 *N.J.* 528, 538–539 n. 3 (1979), this court thoroughly reviewed the obligation of a municipality under *N.J.S.A.* 40A:14–155, stating:

> We, therefore, agree with the trial judge that the municipality's obligation under *N.J.S.A.* 40A:14–155 cannot be defined simply as an obligation to pay reasonable fees to an attorney chosen by the police officer. Such a definition would be at once too simple and too difficult. The term "reasonable fee" does not admit of specificity; it generally refers to a range, sometimes broad, within which a fee will be regarded as reasonable. It varies from attorney to attorney and with his experience and standing at the bar. *In re Quinn*, 25 *N.J.* 284, 289 (1957). Although obligated to provide for an officer's defense, the municipality should have some control over costs, and at least be in a position to know in advance what those costs will be. See *State v. Horton*, 34 *N.J.* 518, 534 (1951). It cannot do this if required to accept the officer's choice of attorney at his or a court's assessment of a reasonable fee for his services.
>
> We see nothing unusual or untoward in requiring a police officer to accept representation by competent counsel not chosen by him. Criminal matters are routinely handled in New Jersey and elsewhere by assignment of counsel to an accused or by assignment of a public defender to handle the defense. *State v. Rush*, 46 *N.J.* 399, 405–06 (1966). Civil litigation is frequently defended by attorneys retained by insurance companies. In both civil and criminal matters selected counsel owes sole allegiance to his client although paid by another, and (except where a conflict of interest appears and there the issue is dealt with separately, see *Burd v. Sussex Mutual Ins. Co.*, 56 *N.J.* 383, 391–94 (1970)), this arrangement has worked reasonably well. [147 *N.J.Super.* at 15–16.

See also *Moya v. New Brunswick*, 90 *N.J.* 491 (1982); *Valerius v. Newark*, 84 *N.J.* 591 (1980).

■ Thus, it is clear that, pursuant to *N.J.S.A.* 40A:14–155, an officer has no absolute right to counsel of his own choosing at municipal expense. Accordingly, a municipality may present an officer with the choice of either accepting assigned counsel

or foregoing the benefits which are statutorily provided. A municipality must, therefore, be given the opportunity to determine whether it will provide legal representation itself or whether it will approve the retention of private counsel. *Valerius v. Newark, supra,* 84 *N.J.* at 597.

Implicit in this statement, is the municipality's right to totally exclude the retention of private counsel by police officers at municipal expense and to require the exclusive use of assigned counsel. Of course, the officers are free to retain counsel of their choosing, at their own expense, at any time. *N.J.S.A.* 40A:14–155 simply does not require the flexibility sought by the trial court. Consequently, as long as Newark, at its own expense, offered the police officers the services of a reasonably competent attorney, who was admitted to practice in this State, it met its obligation under *N.J.S.A.* 40A:14–155. *See Township of Edison v. Mezzacca, supra,* 147 *N.J.Super.* at 15–16; *Valerius v. Newark, supra,* 84 *N.J.* at 597–598; *Van Horn v. Trenton, supra,* 80 *N.J.* at 538–539 n. 3.

█ Each plaintiff-officer and both law firms were put on notice by the Assistant Corporation Counsel that, if the attorneys chosen by the officers decided not to abide by the fee schedule, Newark would provide the officers with attorneys who were willing to accept the specified fees. At the trial, the Assistant Corporation Counsel represented to the court that such counsel would have been provided if requested by the officers. There was no showing by plaintiffs that such counsel would not have been reasonably competent or that competent counsel could not have been retained at the rates fixed in the resolution.

█ Moreover, the mere fact that the fee schedule may be below the so-called "market rates" for criminal attorneys in the county and, therefore, may effectively prevent police officers from retaining their own attorneys, does not invalidate Resolution 7RW. As stated above, Newark had no obligation to provide its police officers with the option of finding their own private counsel at municipal expense. In fact, from the outset

of litigation, Newark could have simply chosen to assign competent counsel to its officers. *N.J.S.A.* 40A:14–155. *See Valerius v. Newark, supra,* 84 *N.J.* at 597; *Township of Edison v. Mezzacca, supra,* 147 *N.J.Super.* at 15–16. The only statutory requirement is that Newark offer its police officers the services of reasonably competent attorneys who are admitted to practice law in this State. Since there was no showing that Newark's proffer of assigned counsel failed to meet the standards imposed by *Mezzacca,* and approved by *Van Horn,* the trial court erred, as a matter of law, in invalidating Newark Resolution 7RW.

Accordingly, the judgments invalidating Resolution 7RW and awarding fees, far in excess of those provided for by the resolution, are hereby reversed and the matters are remanded to the trial court to award attorneys' fees consistent with the schedule set forth in Newark Resolution 7RW. We do not retain jurisdiction.

The cost of the the July 11, 1983 transcript of the proceeding in the trial court in these matters shall be paid by Newark. Newark should have ordered and furnished the transcript in connection with the within appeal pursuant to *R.* 2:5–3(a). It was not authorized to unilaterally abbreviate the transcript. *See R.* 2:5–3(c).