SHEPHERD, J.
 

 I.Introduction
 

 The City of Sweetwater appeals a statutory award of attorney fees to counsel for two of its police officers for services rendered in obtaining the officers’ acquittal on charges of felony battery and official misconduct in connection with an arrest made in the line of duty. The City challenges the award by arguing that the officers failed to first request representation from the City before hiring their own counsel. We agree with the City and, therefore, reverse the fee award.
 

 II.Facts and Procedural Background
 

 On July 7, 2004, Sweetwater police officers Allen B. St. Germain and George Ignacio Alvarez were criminally charged with felony battery and official misconduct based upon allegations of the wrongful use of force during the course of an arrest of a suspect named Peter Michael Daniels on June 19, 2003. Although the officers apparently negotiated some agreement with their union, the Police Benevolent Association, with respect to the payment of fees, they did not request that the City provide them with a defense to the charges. Instead, they chose private counsel, successfully defended the case, and then sent their legal bills to the City. The City rejected the bills, which caused the officers to file an application for fees with the court having jurisdiction over the criminal action, in accordance with the statutorily prescribed procedure.
 
 [1]
 
 The trial court found that the officers’ counsel were enti-tied to reimbursement of their attorney fees.
 

 III.The Statute
 

 The statute we are required to interpret reads as if it were constructed by the proverbial designers of the camel. That said, there is no ambiguity within or between the various provisions. Therefore, our task is to apply the plain language of the statute, and where necessary prefer constructions of the statute that will give effect to all provisions of the statute over those that would not.
 
 See Hechtman v. Nations Title Ins. of N.Y.,
 
 840 So.2d 993, 996 (Fla.2003) (“In ascertaining the legislative intent, a court must consider the plain language of the statute, give effect to all statutory provisions, and construe related provisions in harmony with one another.”).
 

 Insofar as pertinent here, the statute we are called upon to construe reads as follows:
 

 111.065. Law enforcement or correctional officers, legal action against; employer payment of costs and attorneys fees or provision of attorney
 

 [[Image here]]
 

 (3) The employing agency shall provide an attorney and pay the reasonable attorney’s fees and costs for any officer in a criminal action commenced against the officer in any court if the employing agency determines that the officer’s actions that gave rise to the charges:
 

 (a)l. Occurred in response to what the officer reasonably believed was an emergency;
 

 2. Occurred when the officer reasonably believed that his or her action was necessary to protect the officer or others from imminent death or bodily harm; or
 

 
 *1212
 
 3. Occurred in the course of the officer’s fresh pursuit, apprehension, or attempted apprehension of a suspect whom the officer reasonably believed had perpetrated, or attempted to perpetrate, a forcible felony as defined in s. 776.08, or the offense of escape;
 

 (b) Arose within the course and scope of the officer’s duties; and
 

 (c) Were not acts of omission or commission which constituted a material departure from the employing agency’s written policies and procedures, or generally recognized criminal justice standards if no written policies or procedures exist.
 

 (4)(a) If legal representation is requested under subsection (3) and the employing agency determines that the conditions set forth in subsection (3) have not been satisfied or the officer does not choose to use the employing agency’s designated attorney, the officer may:
 

 1. Select from a list of attorneys provided by the employing agency; or
 

 2. Choose his or her own attorney. The officer may request the employing agency to reimburse reasonable attorney’s fees and costs if the officer’s actions giving rise to the charge did not result in the entry of a plea of guilty or nolo contendere or in a finding of guilt by a court or jury to any offense charged or any lesser or included offense that is substantially related to the offense charged.
 

 § 111.065, Fla. Stat. (2004) (emphasis added).
 

 IV. Analysis
 

 At the time of the incident involving Mr. Daniels, section 111.065 of the Florida Statutes gave a law enforcement agency or municipality “the option to pay reasonable attorney’s fees and costs for any law enforcement officer in any civil or criminal action commenced against such officer in any court when the action arose out of the performance of the officer’s duties” and such matter resulted in a voluntary dismissal, judgment of no liability, or verdict of acquittal. § 111.065(2)(a), (b), Fla. Stat. (2003) (emphasis added). Effective May 14, 2004, subsequent to the incident but prior to the charging of appellees by information, section 111.065 was amended to state that an employing agency “shall provide an attorney and pay the reasonable attorney’s fees and costs for any officer in a criminal action commenced against the officer in any court if the employing agency determines that the officer’s actions that gave rise to the charges” met one of the conditions described in subsections 3(a), (b) or (c) of the revised statute. § 111.065(3), Fla. Stat. (2004) (emphasis added). There is no dispute that at least one of those conditions was met. Essentially, what had hitherto been permissive was now mandatory.
 

 On the other hand, the statute does not provide unfettered access to the public fisc. Interpreting the statute holistically, as we must, it is clear a fee applicant must first request the employing agency to “designate[ ]” an attorney to represent the officer. § 111.065(4)(a), Fla. Stat. (2004). If the law enforcement officer is unsatisfied with the employer’s choice, then he may either “1. Select from a list of attorneys provided by the employing agency; or 2. Choose his or her own attorney.” § 111.065(4)(a)l, 2, Fla. Stat. (2004). This reading of the statute is consistent with section 111.065(3)’s admonition that “[t]he employing agency shall provide an attorney and pay the reasonable attorney’s fees and costs for any officer in a criminal action commenced against the officer in any court.” § 111.065(3). The first clause of this sentence would be superfluous if
 
 *1213
 
 the only obligation of the employing agency is to “pay.”
 
 See Am. Home Assurance Co. v. Plaza Materials Corp.,
 
 908 So.2d 360, 366 (Fla.2005) (quoting
 
 Hechtman,
 
 840 So.2d at 996) (“ ‘[Significance and effect must be given to every word, phrase, sentence, and part of the statutef,] if possible, and words in a statute should not be construed as mere surplusage.’ ”). The statute is thus a legislative compromise between protecting law enforcement officers from being impoverished and the employer’s need to protect the public fisc. Balancing these interests, the Florida legislature has determined that police and correction officers in this state must afford the governmental entity the opportunity to provide legal representation before seeking reimbursement of attorney fees and costs under the statute.
 

 Although ours is not the only state that provides some means by which police officers and correctional officials may obtain reimbursement for legal expenses and costs,
 
 see, e.g.,
 
 Cal. Gov’t Code § 995 (2008); Conn. Gen.Stat. Ann. § 53-39a (West 2008); Haw.Rev.Stat. § 52D-8 (2008); Mass. Gen. Laws Ann. ch. 258, § 9A (West 2008); Mich. Comp. Laws Ann. § 691.1408 (West 2008); Okla. Stat. tit. 11, § 23-101 (2008); Wis. Stat. § 895.35 (2008), our independent research reveals but one other jurisdiction in which a court has grappled with the same issue as presented to us in the context of a similarly worded statute.
 
 See Twp. of Edison v. Mezzacca,
 
 147 N.J.Super. 9, 370 A.2d 511 (1977). As in the case before us, the New Jersey police officers in
 
 Mezzacca
 
 retained counsel to defend them without first affording the township the opportunity to provide counsel.
 
 Id.
 
 at 512. Whether the officers were entitled to reimbursement for their legal fees and expenses hinged upon the interpretation of section 40A:14-155, New Jersey Statutes Annotated, which, provided in pertinent part:
 

 Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding....
 

 § 40A:14-155 (emphasis added).
 
 [2]
 

 Interpreting the statute, the
 
 Mezzacca
 
 court concluded the emphasized language “means that the municipality must provide competent counsel ... requested by the officer,” but “the employee does not have the absolute right to counsel of his own choosing at municipal expense.”
 
 Mezzacca,
 
 370 A.2d at 513;
 
 see also Critchley & Roche v. City of Newark,
 
 206 N.J.Super. 32, 501 A.2d 1002, 1005 (1985) (stating that pursuant to section 40A:14-155, New Jersey Statutes Annotated, “an officer has no absolute right to counsel of his own choosing at municipal expense,” and that “[a] municipality must ... be given the opportunity to determine whether it will provide legal representation itself or whether it will approve the retention of private counsel”). The
 
 Mezzacca
 
 court further drew a distinction between the statute under review and section 18A:16-6, New Jersey Statutes Annotated, which, at the time, mandated the State Board of Education “shall reimburse” a teacher “[w]ith respect to a favorably terminated criminal action against a teacher.” Unlike that statute, the court found that the statute under review, which applies when an officer “is a defendant in any action or legal proceecl-
 
 *1214
 
 ing,”
 
 Mezzacca,
 
 370 A.2d at 513 (emphasis added), was not a retroactive-looking statute. Similarly, the statute which we are required to review here is not a retroactive-looking statute.
 

 Based upon the foregoing analysis, we reverse the fee award made in this case with the direction that judgment be rendered for the City on the claim made in this case.
 

 [1]
 

 . Recently, we approved the officers’ use of this procedure in their effort to collect their fees and costs.
 
 See City of Sweetwater v. St. Germain,
 
 943 So.2d 259 (Fla. 3d DCA 2006).
 

 [2]
 

 . Although section 40A:14-155 has been amended since the time
 
 Mezzacca
 
 was issued,
 
 see
 
 ch. 457, § 1, eff. Jan. 15, 1986, the emphasized language in the statute relevant to this appeal has not changed.