GROSS, C.J.
Al LambertiAl Lamberti, the Sheriff of Broward County, appeals a final order awarding Lazaro Mesa, a former deputy sheriff, attorney’s fees and costs under section 111.065, Florida Statutes (2006). We reverse because Mesa did not request that the Sheriff provide him with legal representation before he hired his own attorney, thereby failing to comply with a statutory condition precedent.
In December 2006, after the Sheriff brought the case for review to the state attorney’s office, the state charged Deputy Mesa with 5 crimes stemming from a bar fight.[1] A jury found Mesa not guilty on all counts.
After the trial, Mesa’s trial attorney, Alberto Milian, sent a demand to the Sheriff pursuant to section 111.065. Milian re *448 quested $100,000 in attorney’s fees and $4,135 as costs. The Sheriff declined to pay. Milian filed an application for payment with the circuit court that had jurisdiction over the criminal case. See § 111.065(4)(b)3, Fla. Stat. (2006).
The court held a hearing on the request for fees.
Mesa testified about the circumstances that led to the criminal charges, which arose from an off-duty detail at a bar, an assignment given to him by the Sheriff pursuant to office policy. After he was charged, he did not ask the Sheriffs office to provide him with legal representation.
Mesa secured Milian’s services through the Police Benevolent Association. Mesa did not pay Milian anything and believed that the union was providing Milian’s services as a benefit of membership.
Milian testified that he did not have any fee agreements with the PBA to provide legal representation to the union’s members.[2] He said that in a high profile case like Mesa’s, with three felony and two misdemeanor charges, he would typically charge “in the vicinity of $150,000 to $200,000.” He sought an award of only $100,000 because that was the maximum allowed under section 111.065. In response to a question from the Sheriff, Mili-an requested an hourly rate of $500.
Attorney William Matthewman appeared as Mesa’s expert. To prepare for his testimony, he reviewed Milian’s file. Matthew-man said that charging a lump sum in a criminal case was “standard and routine.” He estimated that Milian had spent 169 hours on the case. He opined that “a reasonable flat fee in this case would easily be in the area of $150,000, $175,000”[3] and that a reasonable hourly rate was between $350 and $400.
The circuit court awarded $84,500 in fees and $4,135 in costs. The court concluded that it was unnecessary for Mesa to have requested representation from the Sheriff, because
[i]t is disingenuous to expect that the entity seeking a matter reviewed for prosecution, not solely with regards to the alleged harm to a private citizen, but also with reference to the legality of the actions undertaken in the performance of official duties, would agree to pay the attorney’s fees of the individual they sought investigated.
The judge also noted that the Sheriff had not offered evidence of a process “in place ... to evaluate claims for fees at the onset of prosecution.”
The trial judge erroneously disregarded the statutory condition precedent that an officer seeking reimbursement under section 111.065 must first request representation from the officer’s employing agency. Accordingly, we hold that Mesa was not entitled to an award of attorney’s fees and costs.
A court’s interpretation of a statute “is a question of law subject to de novo *449 review.” Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005). The goal of statutory interpretation is “to give effect to the Legislature’s intent.” Id.
Subsection 111.065(8) describes the situation where an employing agency must pay an officer’s reasonable attorney’s fees and costs:
The employing agency shall provide an attorney and pay the reasonable attorney’s fees and costs for any officer in a criminal action commenced against the officer in any court if the employing agency determines that the officer’s actions that gave rise to the charges:
(a)l. Occurred in response to what the officer reasonably believed was an emergency;
2. Occurred when the officer reasonably believed that his or her action was necessary to protect the officer or others from imminent death or bodily harm; or
3. Occurred in the course of the officer’s fresh pursuit, apprehension, or attempted apprehension of a suspect whom the officer reasonably believed had perpetrated, or attempted to perpetrate, a forcible felony as defined in s. 776.08, or the offense of escape;
(b) Arose within the course and scope of the officer’s duties; and
(c) Were not acts of omission or commission which constituted a material departure from the employing agency’s written policies and procedures, or generally recognized criminal justice standards if no written policies or procedures exist.
If the employing agency determines that an officer has not met the conditions for mandatory reimbursement under subsection 111.065(3), or if the officer decides not to use the agency’s designated attorney, then the officer has the options provided in subsection 111.065(4)(a):
If legal representation is requested under subsection (3) and the employing agency determines that the conditions set forth in subsection (3) have not been satisfied or the officer does not choose to use the employing agency’s designated attorney, the officer may:
1. Select from a list of attorneys provided by the employing agency; or
2. Choose his or her own attorney. The officer may request the employing agency to reimburse reasonable attorney’s fees and costs if the officer’s actions giving rise to the charge did not result in the entry of a plea of guilty or nolo contendere or in a finding of guilt by a court or jury to any offense charged or any lesser or included offense that is substantially related to the offense charged.
Reading subsections (3) and (4) in harmony, we conclude that to proceed under subsection (4), an officer must first request from the agency legal representation under subsection (3). This is the effect of the language that begins subsection (4)(a) — “If legal representation is requested under subsection (3)....” A request for legal representation pursuant to subsection 111.065(3) is a statutory condition precedent to recovery of fees under subsection 111.065(4).
The third district came to the same interpretation of section 111.065 in City of Sweetwater v. Alvarez, 14 So.3d 1210 (Fla. 3d DCA 2009). There, the court reversed a fee award in favor of two officers, agreeing with the city’s argument “that the officers failed to first request representation from the City before hiring their own counsel.” Id. at 1211. The salient facts of Alvarez are similar to those in this case:
[Two] police officers ... were criminally charged ... based upon allegations of the wrongful use of force during the course of an arrest.... Although the *450 officers apparently negotiated some agreement with their union, the Police Benevolent Association, with respect to the payment of fees, they did not request that the City provide them with a defense to the charges. Instead, they chose private counsel, successfully defended the case, and then sent their legal bills to the City. The City rejected the bills.... The trial court found that the officers’ counsel were entitled to reimbursement of their attorney fees.
Id. (footnote omitted).
In Alvarez, the third district held that, “[ijnterpreting the statute holistically, as we must, it is clear a fee applicant must first request the employing agency to designate an attorney to represent the officer.” Id. at 1212 (internal quotations removed). The court explained that the statute was “a legislative compromise between protecting law enforcement officers from being impoverished and the employer’s need to protect the public fisc.” Id. at 1213. “Balancing these interests,” the third district concluded that “the Florida legislature [had] determined that police and correction officers in this state must afford the governmental entity the opportunity to provide legal representation before seeking reimbursement of attorney fees and costs under the statute.” Id.
The trial court did not apply the statutory condition precedent of section 111.065 because it would have been “disingenuous to expect” the Sheriff to pay attorney’s fees in this case. We understand the trial court to have meant that, because the Sheriff presented the case to the state attorney for prosecution, it would have been futile for Mesa to have requested the Sheriff to provide an attorney and pay reasonable attorney’s fees and costs under subsection 111.065(3). While the doctrine of futility may excuse a party from performing a condition precedent in a contract, that doctrine does not apply to excuse a statutory condition precedent. To impose a common law doctrine to eliminate a statutory condition precedent would be to rewrite the statute. See Westchester Asphalt Distrib. Corp. v. Yonkers Contracting Co., 4 A.D.2d 774, 165 N.Y.S.2d 283, 285 (N.Y.App.Div.1957) (court rejected concept that doctrine of futility could excuse a failure to comply with a statutory condition precedent), affirmed, 4 N.Y.2d 751, 172 N.Y.S.2d 166, 149 N.E.2d 92 (1958); Booth v. Churner, 532 U.S. 731, 739-41, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (acknowledging that where a Congressional amendment to 42 U.S.C. § 1997e(a) had eliminated the judicially created exceptions to the administrative exhaustion requirement for prisoner actions challenging conditions of confinement, Court would “not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise”).
We reverse the March 3, 2009 fee and cost award in this case and remand with the direction that judgment be entered for the Sheriff.
FARMER and CIKLIN, JJ., concur.

. The crimes were aggravated battery, two counts of official misconduct, and two counts of falsifying records.

. On cross-examination, when questioned about any fee arrangement he might have had to defend Mesa, Milian refused to "discuss any relationship or agreements that I have with any particular clients of mine because I believe that's attorney/client privilege information.” After discussion, the court sustained Milian’s objection on the ground of relevance, finding "that any contractual arrangement between Mr. Milian and the PBA are not relevant to the issue before the court.” We do not reach the propriety of this ruling.

. The Sheriffs expert testified that a fair market rate for Mesa's defense would be a lump sum of between $15,000 and $25,000. The court gave credence to Matthewman’s testimony over the Sheriff's expert's, because the latter "did not have the opportunity to review Mr. Milian's files in order to access [sic] the time and labor involved.”