IN THE MATTER OF THE APPEAL OF
EMIL K. TUCH, PLAINTIFF-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 6, 1978—Decided April 26, 1978.

Before Judges ALLCORN, MORGAN and HORN.

*Mr. Francis J. Hartman* argued the cause for appellant (*Messrs. Hartman, Schlesinger, Schlosser & Faxon,* attorneys; *Ms. Barbara Van Horn Colsey* on the brief).

*Mr. Frederick W. Hardt* argued the cause for respondent Township of Riverside (*Mr. Maurice Denbo,* attorney).

*Mr. John J. Degnan,* Attorney General, filed a statement in lieu of brief on behalf of the Civil Service Commission (*Mr. William F. Hyland,* former Attorney General; *Mr. Henry D. Blinder,* Deputy Attorney General, of counsel and on the statement).

The opinion of the court was delivered by

HORN, J. A. D. Appellant Emil Tuch, a Riverside Township (township) police officer, was indicted in June 1974 for atrocious assault and battery, and misconduct in office. The charges arose out of defendant's alleged conduct in striking a manacled prisoner without cause, the blow resulting in injury to the prisoner. A jury trial resulted in appellant's acquittal of atrocious assault and battery; however, he was found guilty of simple assault and battery.[1]

Shortly after appellant had been indicted he was served with a preliminary notice of disciplinary action dated June 28, 1974, which charged him with committing an atrocious assault and battery upon a prisoner. He was suspended pending the outcome of a hearing which was to be held the following month. Pursuant to Civil Service rules, appellant waived his right to that hearing until the indictment had been prosecuted to completion.

Prior to his sentencing date (May 1, 1975) appellant requested a departmental hearing on the charges pending against him. On or about April 10, 1975 he was served with a second notice of disciplinary action dated April 10, 1975. That notice stated that he was charged with assault and battery, for which his removal was sought. At the bottom of the notice the following appeared: "Based on New Jersey Administrative Rules, Civil Service Code 4:16.9

---

[1]The judge granted a motion for acquittal of the charge of misconduct in office.

(a) 9 Cause for removal-The conviction of any criminal act or offenses."

The hearing was held on April 28, 1975. Six days before appellant was sentenced by the judge on the assault and battery conviction the township committee adopted a resolution which recited defendant's guilt of simple assault and battery, and removed him from his position of police officer.

That determination was appealed before the Civil Service Commission. The hearing officer recommended that appellant be reinstated as a police officer because, as a matter of law, simple assault and battery was not a criminal act or offense within the meaning of *N. J. A. C.* 4:1–16.9(a) (9). The Civil Service Commission, however, reviewed that hearing officer's report and determined that the hearing should be reopened because the hearing officer did not conduct the hearing "on the merits of the removal." The reopened administrative hearing *de novo* before a different hearing officer resulted in the recommendation that appellant's removal by the appointing authority be affirmed. He found as a fact that appellant had struck the prisoner while the latter was handcuffed and had been convicted of assault and battery. He concluded that appellant's conviction did constitute a conviction of a criminal offense within the meaning of *N. J. A. C.* 4:1–16.9(a) (9). The Commission adopted the second hearing officer's report and recommendation, and affirmed the appointing authority's removal of appellant.

Appellant appeals from that determination, contending that (1) the Commission had no right to reopen the administrative hearing after the first hearing officer rendered his report and recommendation; (2) a conviction for simple assault and battery (*N. J. S. A.* 2A:170–26) is insufficient to support removal by the appointing authority pursuant to *N. J. A. C.* 4:1–16.9(a) (9), and (3) the Commission violated certain procedural rules during the prosecution of this disciplinary action.

Administrative agencies in this State have an unquestioned power to reopen or modify or rehear any orders that have been entered in proceedings before them unless stated to the contrary by the Legislature. *Skulski v. Nolan,* 68 *N. J.* 179, 195 (1975). Also, *Ruvoldt v. Nolan,* 63 *N. J.* 171, 183 (1973); *Burlington Cty. Evergreen Pk. Mental Hosp. v. Cooper,* 56 *N. J.* 579, 600 (1970).

However, the crux of this appeal is whether proof of appellant's conviction of the disorderly persons offense of assault and battery and the factual finding that appellant committed an assault and battery as sufficient to warrant removal from his position as a police officer where the notice of the charge served upon him referred to the charge as one based on the conviction of a criminal act or offense. This precise question has not been considered in any reported decision in this State.

*N. J. A. C.* 4:1–16.9 as to Civil Service employees lists a number of "causes for removal," which enumerated activities "shall" constitute cause for removal, "although removals may be made for sufficient causes other than those listed." Those causes specifically proscribed include "the conviction of any criminal act or offense," *N. J. A. C.* 4:1–16.9(a) (9), and "disorderly or immoral conduct," *N. J. A. C.* 4:1–16.9(a) (7).

The township contends that the conviction of "assault and battery" is a conviction of a "criminal offense" if not a criminal act, and therefore we should sustain the action of the Civil Service Commission on this ground. We need not make such a determination in this case, nor need we decide whether the "offense" in "criminal act or offense" is to be construed as meaning "criminal offense," although we doubt that a disorderly persons charge may be considered as either a criminal act or a criminal offense.[2]

---

[2] See *State v. Owens,* 54 *N. J.* 153, 157 (1969), *cert.* den. 396 *U. S.* 1021, 90 *S. Ct.* 593, 24 *L. Ed.* 2d 514 (1970), wherein a disorderly persons offense is said to be considered as a "petty offense"

Certainly, a disorderly persons charge is an offense. See *Sawran v. Lennon,* n. 2, *infra.*

██ ██ It cannot be disputed that " 'assault and battery upon a prisoner,' * * * constitutes misconduct warranting * * * disciplinary action under the tenure statute, *N. J. S. A.* 40:47–6 [now 40A:14–147]." *Leonia Bd. of Police Com'r v. Olson,* 101 *N. J. Super.* 565, 571 (App. Div. 1968). And as held in *In re Emmons,* 63 *N. J. Super.* 136, 140 (App. Div. 1960), misconduct of a police officer need not be predicated upon the violation of any particular rule or regulation, but may be based merely upon the violation of the implicit standard of good behavior which devolves upon one who stands in the public eye as an upholder of that which is morally and legally correct. *Asbury Park v. Civil Service Department,* 17 *N. J.* 419, 429 (1955). See also, *Ward v. Keenan,* 3 *N. J.* 298, 311 (1949); *Herbert v. Atlantic City,* 87 *N. J. L.* 98, 101 (Sup. Ct. 1915).

Since appellant's dismissal could have been properly predicated on his commission of simple assault and battery under *N. J. A. C.* 4:1–16.9(a) (7), "disorderly or immoral conduct," the real issue is whether appellant was properly notified of the charges against him and whether he was afforded a fair hearing. *Law and Public Safety Dept. v. Miller,* 115 *N. J. Super.* 122, 126 (App. Div. 1971). There is no question that the preliminary notice of disciplinary action of April 10, 1975 which was served upon him gave appellant adequate notice that the charge against him was "[a] assault and battery" and that if the charge was sustained he was subject to removal from his position of police officer. Did the notation at the bottom of the notice work any disadvantage to appellant? We think not.

rather than as a crime. See also, *In Re Buehrer,* 50 *N. J.* 501, 517–519 (1967); *Sawran v. Lennon,* 19 *N. J.* 606, 611–612 (1955); 67 *C. J. S. Offense* at 88, which indicates there is a difference between "criminal offense" and "petty offense"; 22 *C. J. S. Criminal Law* § 1 at 6.

If there was any mistake in the notice, it consisted only of its indicating that assault and battery was a criminal act or offense. The question of whether assault and battery was indeed a criminal act or offense was not the central issue at the reopened hearing on the merits of the charge of assault and battery. The facts surrounding the commission of the alleged assault and battery were the only issue. *Cf. Orange v. DeStefano,* 48 *N. J. Super.* 407, 419–420 (App. Div. 1958). The township witnesses testified as to those facts and appellant and another witness testified in defense. Our review of the record fails to demonstrate any prejudice to appellant as a result of the denomination of the charge as a criminal act or offense. Indeed, the statute providing for removal for misconduct, *N. J. S. A.* 40A:14–147, does not even require that the complaint specify the statutory or Administrative code basis for the removal. It appears to be sufficient if the notice specifies only the factual basis for the alleged misconduct. *In re Cohen,* 56 *N. J. Super.* 502, 507 (App. Div. 1959), certif. den. 31 *N. J.* 297 (1960).

*R.* 3:7–3(a) provides in part that error in the citation of a statute or the omission of a citation from an indictment or accusation "shall not be ground for dismissal of the indictment or accusation or for reversal of a conviction if the error or omission did not prejudicially mislead the defendant." By analogy, and probably with greater reason, the quoted provision of this rule should be applicable in such proceedings under review here. Appellant has not demonstrated any prejudice resulting to him from the erroneous citation and we find that there was none. Moreover, just as surplusage may be stricken from an indictment provided the substantial rights of a defendant are unimpaired as a result, *State v. Siebert,* 126 *N. J. Super.* 534, 537 (App. Div. 1974), we find no reason why surplusage in the form of the erroneous citation may not likewise be stricken or disregarded, since we have not detected any prejudice to appellant thereby. Accordingly, since we view

the inclusion of the citation as innocuous, we deem this argument to be without merit.[3]

██ We are not persuaded that the charges should have been dismissed, as contended by appellant, by reason of the lapses of time between the initial and secondary filings of charges and the hearing by the township. Appellant waived his right to a prompt hearing, as he was permitted to do pursuant to the *Civil Service Personnel Manual*, § 5–15.101c. Here again, appellant suffered no prejudice of any type.

We have concluded from the record that the findings of the Civil Service Commission are amply supported by sufficient credible evidence. *Mayflower Securities v. Bureau of Securities*, 64 *N. J.* 85, 92 (1973).

Accordingly, the decision of the Civil Service Commission is affirmed.

---

[3]We perceive no valid reason under the circumstances of the instant case, where appellant's defense was not impaired, why we, in the exercise of our original jurisdiction, *R.* 2:10–5, could not amend the notice to conform to the proof of "disorderly or immoral conduct," *N. J. A. C.* 4:1–16.9(a)(7), rather than "conviction of any criminal act or offense," *N. J. A. C.* 4:1–16.9(a)(9), if it were advisable to do so. *Cf. R.* 3:7–4; *R.* 7:10–2.