181 N.J. Super. 273 (1981)
437 A.2d 334
JOSEPH KAUFFMAN, PLAINTIFF-APPELLANT,
v.
BOROUGH OF GLASSBORO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1981.
Decided November 4, 1981.
*275 Before Judges BOTTER and ANTELL.
Michael J. Waldman argued the cause for appellant (Ferrara & Waldman, attorneys; Michael A. Ferrara, Jr., on the brief).
Joseph F. Lisa argued the cause for respondent.
The opinion of the court was delivered by ANTELL, J.A.D.
Plaintiff, a police officer employed by defendant, appeals from a summary judgment in favor of defendant upon plaintiff's complaint for reimbursement under N.J.S.A. 40A:14-155 for his legal expenses in defending against criminal and disciplinary charges.
Plaintiff was indicted for breaking and entering with intent to steal, N.J.S.A. 2A:94-1, and for the common law offense of misconduct in office, N.J.S.A. 2A:85-1. The basis of the latter charge was the allegation that plaintiff had stolen an aluminum storage shed within the context of his "duty" and "official capacity as a police officer." It was charged that this occurred in a shopping center which plaintiff had been assigned to patrol, and it was upon this which the burglary charge was based. A shed matching the description of one which had been stolen was found erected in plaintiff's yard and during plaintiff's initial questioning at police headquarters he was told that if he cooperated with his interrogators the matter would be handled internally within the police department. He then gave an inculpatory statement at the prosecutor's office. *276 The trial judge held, and we agreed in an unpublished opinion, that the promise of internal handling so tainted the admission as to render it involuntary. The indictment was thereafter dismissed on the prosecutor's motion for the reason that, without the suppressed admission, the State had insufficient evidence upon which to proceed.
As a result of the charges contained in the indictment defendant was also suspended from the police force and served with notice of a forthcoming disciplinary hearing. This was held in abeyance pending disposition of the criminal action. After plaintiff filed the instant action the parties entered into an understanding whereby the second count of the complaint, seeking reimbursement for salary and emoluments withheld, was settled by agreeing upon payment to plaintiff of partial reimbursement for back pay and by defendant agreeing "not to institute or prosecute any administrative or disciplinary proceedings against Patrolman Kauffman arising out of the conduct set forth in the aforementioned civil action."
N.J.S.A. 40A:14-155, the legislation pertinent hereto, provides:
Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in a criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.
The criterion for payment of expenses upon which we focus is whether the misconduct alleged can be characterized as "arising out of or incidental to the performance of" plaintiff's duties. We conclude that it cannot. The case is distinguishable from Valerius v. Newark, 84 N.J. 591 (1980). There the police officer was indicted for participating in a scheme to obtain money by fraudulently pretending to sell a quantity of hashish. It was charged that plaintiff, acting in his capacity as a police officer, *277 seized the bogus hashish and the money paid by the victimized purchasers and pretended to arrest the feigned sellers. In concluding that plaintiff was entitled to reimbursement for his legal expenses the Supreme Court evidently concluded that the charges came within the language of the statute, emphasizing that they specifically alleged "improper use of his status as a police officer." Id. at 596. But that element is nowhere present in the case before us. The indictment alleged that plaintiff acted as a common burglar, something which was not even colorably related to the performance of his duties, and it is our view that the statute contemplates a criminal charge which at least suggests the exercise of police powers in the furtherance of official duties. Its purpose is explained by the Supreme Court in the following language of Van Horn v. Trenton, 80 N.J. 528 (1979):
"... the terms of the statute itself evidence an apparent legislative concern that police officers might be discouraged from effectively pursuing their duties if they were forced to provide their own defense against civil actions and criminal charges brought by disgruntled "victims" of law enforcement. Police officers, by the very nature of their duties, are exposed to a substantial risk that such civil or criminal actions will be initiated, regardless of their merits. [at 536-537]
Our analysis is not altered by the fact that the indictment also charged the common-law offense of official misconduct. That charge rested only upon the facts of the alleged burglary, and the most recent expression of our Supreme Court on this subject tells us that a conviction for misconduct cannot rest upon criminal behavior which is unrelated to the performance of official duties. State v. Schultz, 71 N.J. 590, 601 (1976). Contra, State v. Cohen, 32 N.J. 1, 10 (1960). But see, concurring opinion by Weintraub, C.J.
Had the indictment gone to trial, the only facts which plaintiff would have been called upon to meet were those pertaining to the burglary. In no way would his powers or position as a police officer have been implicated. To allow reimbursement in such a case merely because plaintiff was then employed as a police officer would advance no discernible policy underlying the statute and would require similar reimbursement in all such cases without limitation no matter how clearly the crime is *278 unrelated to the fulfillment of police duties. See Valerius v. Newark, 168 N.J. Super. 529, 533 (App.Div. 1979), rev'd on other grounds, 84 N.J. 591, supra.
We further note that in light of the posture of the charges contained in the indictment plaintiff was obliged to notify the municipality thereof forthwith so that it might have determined whether it had the statutory obligation to provide plaintiff with the "necessary means for the defense." Plaintiff was not at liberty to select his own law firm without notice to the municipality and thereafter look to the latter for reimbursement. Valerius v. Newark, supra, 84 N.J. at 598.
We agree with the trial judge, further, that there is no entitlement to reimbursement for expenses in connection with the disciplinary hearing. To do so would require us to characterize the settlement thereof and the second count of the within civil action as a determination "in favor of the ... officer." But this would be inappropriate since that disposition contemplated, in effect, a six-month suspension with accompanying loss of salary and manifestly lies outside the contemplation of the statute.
Affirmed.