763 A.2d 796 (2000)
James MARJARUM, Plaintiff-Appellant,
v.
TOWNSHIP OF HAMILTON, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued December 6, 2000.
Decided December 26, 2000.
*797 George T. Dougherty, Lawrenceville, argued the cause for appellant (Katz & Dougherty, attorneys; Mr. Dougherty, on the brief).
Bill Mathesius argued the cause for respondent.
Before Judges BAIME and CARCHMAN.
The opinion of the court was delivered by BAIME, P.J.A.D.
This appeal is from the Law Division's order directing Hamilton Township to remove from its personnel files all references to plaintiff's disputed disciplinary infraction, but denying his request to be reimbursed for the full amount of attorneys fees he expended in defending against the charge. The judge awarded counsel fees in the amount of $2,000 on the condition that plaintiff execute a written release absolving the Township of any further liability. We sustain the result reached but for reasons other than those articulated by the Law Division judge.

I.
This case has a tortuous procedural history. Despite the meandering course this case has taken, we recount only those facts essential to our disposition of the issues presented.
*798 The event that precipitated this dispute was a neighborhood crime watch meeting that took place on September 2, 1992. Plaintiff, a highly ranked police captain, attended that meeting as part of his official duties. While the facts are hotly contested, it is apparent that there was a heated confrontation between plaintiff and several of the community members who attended the meeting. Numerous complaints by citizens who witnessed the events described plaintiff's behavior as "obnoxious, disrespectful [and] rude." Following an investigation, plaintiff was charged with violating the Hamilton Township Police Code. Three separate charges were advanced: untruthfulness, insubordination, and discourteous conduct toward the public.
On February 3, 1993, the Township Business Administrator found plaintiff guilty of insubordination and acting discourteously, but acquitted him of being untruthful. The sanction imposed was six days suspension without pay. In December 1994, plaintiff retired from the police force without ever serving the six day suspension.
Plaintiff nevertheless appealed his suspension to the Merit System Board. The matter was transferred to the Office of Administrative Law as a contested case. The administrative law judge (ALJ) dismissed the charge of insubordination, but found plaintiff guilty of acting discourteously to the public. The ALJ's determination was based on the following facts.
Plaintiff was scheduled to attend a neighborhood crime watch meeting. The meeting began at 8:00 p.m. and was attended by numerous citizens. Plaintiff arrived at 8:25 p.m. Instead of taking his place in front of the room with Patrolman Ronald Cream, who was chairing the meeting, plaintiff remained in the rear. Perturbed by plaintiff's tardiness, Harley Parker, the co-zone commander of the combined crime watch communities, gestured by tapping on his watch with his index finger. The record indicates that when invited to the front of the room, plaintiff replied, "I'll come up when I'm ready," or words of that import. Patrolman Cream introduced plaintiff to the audience. Plaintiff apparently offered an explanation for his lateness. What transpired thereafter is in dispute.
Harley Parker and Kathryn DeFina testified that plaintiff appeared hostile and argumentative, answering questions in a highly negative manner. They asserted that plaintiff's confrontational style caused many members of the public to leave the meeting prematurely.
Patrolman Cream's testimony substantially corroborated that of Parker and De-Fina. He asserted that the comments of the citizens who attended the meeting were not out of the ordinary, but that plaintiff's behavior was inappropriate. According to Cream, the meeting deteriorated as a result of plaintiff's confrontational attitude.
Plaintiff's version of the incident was markedly different. He characterized Parker's conduct as "uncouth" and "rude." Plaintiff also claimed that members of the public "constantly interrupt[ed]" him in his presentation and acted in a hostile manner. While conceding that many of those in attendance left the meeting prematurely, plaintiff claimed that they were disappointed because he did not "allow them the continued pleasure of seeing a fellow `citizen' get away with telling off a police officer with little fear of reprisal...."
Irene Freeman and Andrew Wargo supported plaintiff's description of the meeting. They claimed that the public acted like a "lynch mob" because plaintiff arrived late at the meeting. While conceding that plaintiff was "a little bit loud" in his responses, Freeman and Wargo testified that he was neither belligerent nor disrespectful.
Against this backdrop, the ALJ concluded that plaintiff's demeanor was "discordant with his public position." The ALJ found that plaintiff erroneously perceived that the audience's complaints concerning *799 the quality of policy services constituted "a personal attack against him and not the police department." The ALJ determined that plaintiff acted in a discourteous manner, causing approximately one-half of the audience to leave before the meeting concluded. In making this finding, the ALJ stressed that the "perspective of the parties concerning [plaintiff's] demeanor differed sharply." The ALJ relied heavily on the testimony of DeFina and Cream. The ALJ found that DeFina "was an extremely credible witness." The ALJ "accept[ed] her testimony as fact." In a similar vein, the ALJ found that "Patrolman Cream's testimony [was] entirely credible, without bias, and supportive of the charged misconduct." In light of plaintiff's otherwise unblemished record, the ALJ imposed a six day suspension, the minimum penalty for a major disciplinary infraction.
The Merit System Board adopted the ALJ's findings and recommendations. Plaintiff appealed. We reversed the Merit System Board's determination in an unreported opinion. Citing Grasso v. Borough Council of Borough of Glassboro, 205 N.J.Super. 18, 30, 500 A.2d 10 (App.Div. 1985), certif. denied, 103 N.J. 453, 511 A.2d 639 (1986), we held that the statute providing for the establishment of an "authority" to conduct disciplinary hearings against a police officer, N.J.S.A. 40A:14-118, was not self-executing and required an implementing ordinance. Because the Township's ordinance did not expressly authorize the Township's Business Administrator to conduct the disciplinary hearing involving the charges against plaintiff, we vacated the disciplinary adjudication and remanded the matter to the Hamilton Township Police Department "for further proceedings consistent with law."
On remand, plaintiff elected to bypass the Township's procedures for conducting disciplinary hearings in favor of having the case decided by the Merit System Board. See N.J.S.A. 40A:14-147. Upon review, the Merit System Board readopted the ALJ's initial decision. In taking this action, the Board stressed that our earlier opinion did not impugn the ALJ's findings and recommendations. Because no defect was found in the ALJ's determination, the Board accepted that decision as final.
Plaintiff once again appealed. Two arguments were advanced. Plaintiff asserted: (1) the disciplinary rules under which the charges were advanced were not validly adopted, and (2) the ALJ's initial decision was improperly devoid of key credibility findings. Plaintiff moved for summary disposition of the appeal. In its opposing brief, the Township offered to expunge all references to the disputed disciplinary infraction from its records, thus rendering the matter moot.
We denied the motion for summary disposition, but dismissed the appeal as moot based upon the Township's promise to expunge all references to the disputed disciplinary charges from its personnel records. In our summary order, we noted that, as a matter of judicial restraint, "courts should not decide cases where a judgment cannot grant relief." See Cinque v. New Jersey Dep't of Corrections, 261 N.J.Super. 242, 243-44, 618 A.2d 868 (1993). Because (1) plaintiff had retired and "was never required to serve the ... six day suspension...," (2) the Township agreed that it would "never attempt to impose the penalty," (3) "[t]here was no suggestion in the record that the suspension [would] affect plaintiff's pension or that the penalty [would] have any other collateral effect," (4) the appeal did not "raise an issue of public importance so that it should be heard despite its mootness," and (5) the Township agreed to purge its files of all references to the disputed disciplinary charges, we perceived no sound reason to require disposition of the appeal on its merits. We instead dismissed the case, but ordered the Township "to expunge mention of the six day penalty from its files."
Several weeks after our order was issued, plaintiff's attorney requested and received plaintiff's personnel file, and found *800 that some references to the disputed infraction had not been removed. Plaintiff brought this action in the Law Division, seeking an order directing the expungement of all records relating to the disciplinary action and reimbursement of all attorneys fees. The Law Division judge ordered the Township to expunge the records, but concluded that she did not have the power retroactively to grant counsel fees expended by plaintiff in defending against the two charges that had previously been dismissed. The judge instead awarded plaintiff $2,000, which she found to be the reasonable cost of the legal services incurred in enforcing our order requiring expungement of the charges from the Township's personnel files.
Plaintiff then brought this appeal. In his brief, plaintiff argues: (1) the Law Division had plenary jurisdiction to order the Township to comply with the reimbursement provisions of N.J.S.A. 40A:14-155, (2) the statute mandates reimbursement where the police officer "substantially defeats" the disciplinary charges, (3) counsel fees should have been awarded for the reasonable and necessary costs of defending all three disciplinary charges, (4) the Township should not be permitted to defeat the claim for counsel fees by its belated offer to expunge all references to the disciplinary proceedings, and (5) the Township should be equitably estopped from invoking the expunged disciplinary records after convincing the Appellate Division to dismiss the earlier appeal as moot.

II.
For reasons that will become apparent, we need not address all of the issues raised by plaintiff's brief. For example, we need not decide whether the Law Division had original jurisdiction to award counsel fees for plaintiff's successful defense against the charges of insubordination and untruthfulness. Plaintiff argues that the Township had no duty to reimburse him for counsel fees incurred in his defense of the first and second charge while the third charge remained unresolved. He claims that once we entered the order dismissing his appeal as moot and directing the Township to expunge all references to the disciplinary proceeding, the prior interlocutory dispositions became final, he was entitled to reimbursement, and the Law Division had jurisdiction to order it. We need not address that question.
We instead first focus upon plaintiff's argument that our dismissal and expungement order removed the last barrier to his right to obtain counsel fees. The applicable statute, N.J.S.A. 40A:14-155, provides:
Whenever a member or officer of a municipal police department or force is a defendant in any action or legal proceeding arising out of and directly related to the lawful exercise of police powers in the furtherance of his official duties, the governing body of the municipality shall provide said member or officer with necessary means for the defense of such action or proceeding, but not for his defense in a disciplinary proceeding instituted against him by the municipality or in criminal proceeding instituted as a result of a complaint on behalf of the municipality. If any such disciplinary or criminal proceeding instituted by or on complaint of the municipality shall be dismissed or finally determined in favor of the member or officer, he shall be reimbursed for the expense of his defense.
Plaintiff argues that our order directing Hamilton Township to expunge from its records all references to the disputed disciplinary infraction constituted a favorable disposition of the charge against him, thus forming the predicate for mandatory reimbursement of counsel fees.
We do not regard an expungement of the disciplinary proceedings as a "dismiss[al]" or "favor[able]" disposition of the charges under N.J.S.A. 40A:14-155. In a related context, we have held that an expungement *801 is not the equivalent of an acquittal of criminal charges. State v. N.W., 329 N.J.Super. 326, 333, 747 A.2d 819 (App.Div.2000). We have also held that a municipality's agreement not to further pursue disciplinary charges does not entitle the police officer to reimbursement for expenses incurred in connection with a disciplinary hearing. Kauffman v. Borough of Glassboro, 181 N.J.Super. 273, 278, 437 A.2d 334 (App.Div.1981).
The Law Division reached the same conclusion in Kerwick v. Mayor and Council of City of Trenton, 184 N.J.Super. 235, 445 A.2d 482 (Law Div.1982). There, the plaintiff, a Trenton police officer, was indicted for misconduct in office, but, pursuant to an agreement with the State, pled guilty to a disorderly persons offense. The guilty plea was immediately vacated, and the plaintiff was granted a conditional discharge. After successfully completing the program, all records relating to the indictment and conditional discharge were expunged. The plaintiff then brought an action for counsel fees under N.J.S.A. 40A:14-155. The Law Division judge granted Trenton's motion for summary judgment, holding that "only an exoneration of the officer will entitle him to reimbursement of legal expenses" under the statute. 184 N.J.Super. at 240, 445 A.2d 482. The judge reasoned that "[d]isposition in [the police officer's] favor means exculpation and not some lesser degree of success." Ibid.; cf. Waterford Township v. Babli, 158 N.J.Super. 569, 573, 386 A.2d 906 (Cty.Ct.1978), aff'd, 168 N.J.Super. 18, 401 A.2d 697 (App.Div. 1979).
Applying these principles, it cannot fairly be said that our order directing the expungement of plaintiff's disciplinary infraction record, pursuant to the Township's proposal, constituted a "dismissal" or a "determinat[ion] in favor of the ... officer" under N.J.S.A. 40A:14-155. Neither our order nor the expungement of the records exonerated plaintiff or otherwise constituted an acquittal on the merits.

III.
We also reject plaintiff's argument that he is entitled to reimbursement because he prevailed on substantially all of the principal issues. Plaintiff incorrectly describes the statutory standard as having been met when the disciplinary charges against the police officer are "substantially defeated." In advancing this argument, plaintiff relies on N.J.A.C. 4A:2-2.12, which mandates the award of counsel fees to all public employees, including, but not limited to, police officers, who prevail on "all or substantially all of the primary issues."
In Oches v. Township of Middletown Police Dept., 155 N.J. 1, 713 A.2d 993 (1998), our Supreme Court considered this regulation, N.J.A.C. 4A:2-2.12, and its interplay with the mandatory reimbursement statute, N.J.S.A. 40A:14-155. The Court determined that N.J.S.A. 40A:14-155 provides a "guaranty of counsel fee reimbursement when disciplinary or criminal charges, arising out of the lawful exercise of police powers in furtherance of official duties, are dismissed or resolved in favor of an officer." 155 N.J. at 9, 713 A.2d 993. The statute was said not to apply to "police officers exonerated of charges arising from acts that occur in the course of performing official duties but that do not constitute acts in furtherance of official duties, or charges arising merely from a person's status as a police officer." Id. at 11, 713 A.2d 993. The Court added, however, that N.J.S.A. 40A:14-155 did not exhaust the situations or factual scenarios in which a police officer could be reimbursed for counsel fees incurred in defense of a disciplinary charge. Ibid. As noted by the Court, "disciplinary charges may be filed against a [police officer] for conduct that, because of its context, necessarily does not arise out of and directly relate to the lawful exercise of police powers in furtherance of official duties, but is nevertheless not a dereliction of duty." Id. at 10, 713 A.2d 993. The Court determined that N.J.S.A. 11A:2-22, which authorizes the Merit System Board in reviewing disciplinary *802 charges to award "back pay, benefits, seniority and reasonable attorneys fees as provided by rule," covers the latter category of cases. The Court thus concluded that N.J.A.C. 4A:2-2.12, which was promulgated pursuant to N.J.S.A. 11A:2-22, was intended to apply in cases where the disciplinary or criminal charges do not arise out of the employee's "lawful exercise of powers in furtherance of official duties." Id. at 10, 713 A.2d 993.
The disciplinary charges in this case encompassed the type of police conduct covered by N.J.S.A. 40A:14-155. The charges arose out of plaintiff's exercise of his police powers in furtherance of his official duties. N.J.A.C. 4A:2-2.12 is not applicable.

IV.
We turn to plaintiff's remaining arguments. Stripped to their essentials, plaintiff's contention rests on the thesis that our order dismissing his prior appeal on the ground of mootness deprived him of the statutory right of reimbursement of counsel fees incurred in defending against the disciplinary charges. Plaintiff claims that the Township was able to thwart his right to reimbursement by agreeing to expunge the records of the disputed disciplinary infractions from its personnel records. He asserts that the legislative purpose in enacting N.J.S.A. 40A:14-155 "would be frustrated by a decision in this case accepting the Township's offer to let the matter drop in exchange for a release from its statutory obligation to reimburse attorneys fees actually incurred by the officer." Plaintiff asks us to revisit the question of mootness, reinstate his appeal, and decide whether the Merit System Board was correct in adjudicating him guilty of the charges.
We entered the order dismissing plaintiff's appeal as moot in the good faith belief that plaintiff would suffer no significant collateral consequence. We assumed that our order would justly and finally put the matter at rest. Obviously, we were wrong in that assumption. We are told that plaintiff has incurred substantial counsel fees in defending himself against the three charges. At oral argument, we repeatedly advised plaintiff that disposition of the substantive issues on the merits might imperil his position. Mindful of that fact, plaintiff persisted in his request that we vacate the dismissal order and determine whether the Merit System Board acted correctly in adjudicating him guilty of the third disciplinary charge.
Every book must have its final chapter. This case should finally be put to rest. We have before us the plaintiff's brief on the substantive issues presented, and the entire administrative record. Both parties have been afforded full opportunity to advance their respective positions. We thus partially grant plaintiff's request by deciding the remaining issues. We do not vacate our order dismissing plaintiff's earlier appeal. We merely reach and decide the substantive issues concerning the correctness of the ALJ's determination.
As we noted earlier, plaintiff contends that the Township's regulations governing police conduct were not validly adopted under N.J.S.A. 40A:14-118. Plaintiff also asserts that the AlJ's findings respecting the credibility of witnesses were inadequate. We consider these points seriatim.
We agree that the disciplinary rules under which the disciplinary charges were advanced were not validly adopted. The issue was addressed by another panel of this court in its unreported opinion in Pizzullo v. Township of Hamilton (A-2548-96T5). Specifically, the court held that the disciplinary rules and regulations were not promulgated in compliance with N.J.S.A. 40A:14-118, which provides in pertinent part as follows:
The governing body of any municipality, by ordinance, may create and establish, as an executive and enforcement function of municipal government, a police force, ... and provide for the maintenance, regulation and control thereof. Any such ordinance shall, in a manner *803 consistent with the form of government adopted by the municipality and with general law, provide for a line of authority relating to the police function and for the adoption and promulgation by the appropriate authority (emphasis added) of rules and regulations for the government of the force and for the discipline of its members.

* * * *
As used in this section, "appropriate authority" means the mayor, manager, or such officer, such as a full-time director of public safety, or the governing body or any designated committee or member thereof, or any municipal board or commission established by ordinance for such purposes, as shall be provided by ordinance in a manner consistent with the degree of separation of executive and administrative powers from the legislative powers provided for in the charter or form of government either adopted by the municipality or under which the governing body operates.
The panel concluded that the disciplinary rules and regulations had not been promulgated by the "appropriate authority," and thus were null and void.
We agree with the panel's conclusion. The intent of N.J.S.A. 40A:14-118 is to provide for a clear line of authority relating to the police function. Accordingly, rules and regulations for the governance of the police force may only be promulgated by the appropriate authority. The statute defines appropriate authority as the mayor, manager, or such other appropriate executive or administrative officer, such as a full-time director of public safety, or the governing body or any designated committee or member thereof, or any municipal board or commission established by ordinance for such purposes. The statute is not self-executing. In an apparent effort to implement N.J.S.A. 40A:14-118, the Township adopted an ordinance providing:
There shall be a Police Division of the Department, the head of which shall be the Chief of Police. The Director of Public Safety may promulgate rules and regulations for the control, disposition and discipline of the Division with the approval of the Mayor.
The Township did not have a Director of Public Safety at the time the police code was adopted. Therefore, the Township did not comply with the requirements of N.J.S.A. 40A:14-118.
The invalidity of the Township's rules and regulations is nevertheless not dispositive of the issue presented. A finding of misconduct by a police officer need not necessarily be predicated on the violation of any particular department rule or regulation. In re Phillips, 117 N.J. 567, 576, 569 A.2d 807 (1990) (citing In re Emmons, 63 N.J.Super. 136, 140, 164 A.2d 184 (App.Div.1960)). A police officer "is a special kind of public employee." Township of Moorestown v. Armstrong, 89 N.J.Super. 560, 566, 215 A.2d 775 (App.Div.1965), certif. denied, 47 N.J. 80, 219 A.2d 417 (1966). He represents law and order to the citizenry, and thus is duty-bound to "present an image of personal integrity and dependability." Ibid. So posited, a disciplinary infraction may be based upon violation of the "`implicit standard of good behavior [required of a police officer] which devolves upon one who stands in the public eye as the upholder of that which is morally and legally correct.'" In re Phillips, 117 N.J. at 576, 569 A.2d 807 (quoting In re Emmons, 63 N.J.Super. at 140, 164 A.2d 184); see also Asbury Park v. Department of Civil Serv., 17 N.J. 419, 429, 111 A.2d 625 (1955); In re Tuch, 159 N.J.Super. 219, 224, 387 A.2d 1199 (App. Div.1978).
Police officers are required, and expected, to act courteously to members of the public. Consequently, the absence of a validly promulgated rule or regulation requiring courtesy does not preclude the imposition of discipline upon a police officer who acts in a belligerent or hostile *804 fashion. We note that in Pizzullo, the panel sustained the disciplinary sanction imposed on the charge of untruthfulness notwithstanding its determination that the Township's rules and regulations were invalid. The panel reasoned that truthfulness was an implicit standard inherent in a police officer's job. In a similar vein, common courtesy to the public is implicit in the role of a police officer. Plaintiff's abject failure to conduct himself in accordance with that implicit standard was punishable without reference to any written rule or regulation.
Finally, we reject plaintiff's attack on the ALJ's factual findings. The ALJ clearly articulated his findings and correlated them with the relevant legal conclusions. Curtis v. Finneran, 83 N.J. 563, 570, 417 A.2d 15 (1980); see also Brochin and Sandler, Appellate Review of Facts in New Jersey, Jury and Non-Jury Cases, 12 Rutgers L.Rev. 482 (1957); Conford, Findings of Fact and Conclusions of Law, 92 N.J.L.J. 225 (1969). More specifically, the ALJ found that plaintiff acted in an arrogant and rude manner discordant with his public position. Contrary to plaintiff's argument, the ALJ did not overlook, ignore or undervalue crucial evidence. State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964). The ALJ plainly considered the evidence plaintiff presented. Alluding to this evidence, the ALJ observed that "the perspective of the parties concerning [plaintiff's] demeanor differed sharply." The ALJ nevertheless expressly found that Kathryn DeFina and Patrolman Cream were "extremely credible." The ALJ thus "accepted [their] testimony as fact." We are obliged to give deference to that finding, because it was obviously influenced by [the ALJ's] opportunity to hear and see [those] witnesses, "which a reviewing court cannot enjoy." State v. Johnson, 42 N.J. at 161, 199 A.2d 809. The ALJ was not required to discuss the testimony and the statements of every witness and describe in detail why he found some more credible than others. See State v. Locurto, 157 N.J. 463, 471-74, 724 A.2d 234 (1999). No purpose would be served by seeking a further expression from the ALJ on that score. State v. Hodgson, 44 N.J. 151, 163, 207 A.2d 542 (1965), cert. denied, 384 U.S. 1021, 86 S.Ct. 1929, 16 L.Ed.2d 1022 (1966). "The matter is strictly one of credibility and there is no reason for our now rejecting the testimony credited by the [ALJ] before whom it was given." Ibid. We merely add that the record amply supports the findings and conclusions reached by the ALJ, and ultimately adopted by the Merit System Board.

V.
The Law Division judge awarded plaintiff $2,000 in counsel fees. We have no occasion to consider the correctness of that determination. No cross-appeal was filed. We thus merely affirm the Law Division's order.